IN THE UNITED STATES DISTRICT COURT RECEIVED
MIDDLE DISTRICT OF ALABAMA

2010 AUG 11 A 9:02

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| LUCRETIA HORNSBY, ANMARIE YOUNG, PRESTON YOUNG, REBECCA DEAN, DAWN HAMMOCK, CELINA JORDAN, TABITHA ARLEDGE, ERICA MILLER, ALTON WINTERS, NANCY YARENKO, DERRICK LIGON, TONY KENNEDY, MURRAY BAKER, BRIAN YOUNG, OCIE BUTLER, and DARRELL THOMAS, on behalf of themselves and all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> MACON COUNTY GREYHOUND PARK, INC., and FICTITIOUS DEFENDANTS A, B, C, D, E, F, G, H, I, J, K, & L <br><br> *Defendants*. | Civil Action No. 3:10-cv-680-MHT <br><br> **CLASS ACTION** |

## CLASS ACTION COMPLAINT

COME NOW THE PLAINTIFFS, Lucretia Hornsby, Anmarie Young, Preston Young, Rebecca Dean, Dawn Hammock, Celina Jordan, Tabitha Arledge, Erica Miller, Alton Winters, Nancy Yarenko, Derrick Ligon, Tony Kennedy, Murray Baker, Brian Young, Ocie Butler, and Darrell Thomas, individually and as representatives of the class defined herein (the "class") and bring this action against the defendant Macon County Greyhound Park, Inc., (hereinafter referred to as "Victoryland") and fictitious defendants, A, B, C, D, E, F, G, H, I, J, K and L, alleging and showing to the Court as follows:

1

# I. INTRODUCTION

1) This is a class action brought pursuant to Rule 23 of the Federal Rules of Civil Procedure. The plaintiffs and all members of the Class are former employees of Victoryland. The Complaint is an action to recover damages for the Plaintiffs and Class Members as a result of defendant Victoryland's failure to notify the Plaintiffs and Class Members as required pursuant to Section 502(c) of The Employee Retirement Income Security Act of 1974 (ERISA), of the availability of insurance coverage pursuant to the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA), failure to remit premiums for insurance withheld from paychecks, failure to comply with the requirements of the American Recovery and Reinvestment Act (ARRA), and violations of fiduciary duties imposed by ERISA. The class includes all former employees of Victoryland whose employment relationship ended after September 1, 2008 and before May 31, 2010, and who participated in Victoryland's Group Health benefit plan, hereinafter referred to as "the Plan".

2) The defendants, including Victoryland, provided a group health insurance plan (the plan). The plan is an "employee welfare plan" within the meaning of 29 USC § 1002(1) and "employee benefit plan" within the meaning of 29 USC § 1002(3), both of which are definitions contained in ERISA. Victoryland involuntarily terminated many of the employees for whose benefit this class action is brought. It failed to provide notice, as required by ERISA (29 USC § 1161. et seq.) that COBRA coverage (continuing health insurance coverage) was available to involuntarily terminated employees at a 65% discount under the American Recovery and Reinvestment Act (ARRA). Plaintiffs allege that the failure to provide COBRA notices as required by ERISA was in bad faith and in an attempt to avoid the responsibility for paying the 65% discount required by ARRA. The fictitious defendants include all the persons who had

personal responsibility for the notices required by ERISA (including the COBRA and ARRA requirements), the breach of fiduciary duty as provided herein, and or responsibility for compliance with the requirements of ERISA, COBRA, and ARRA.

3) The defendants, including Victoryland, violated the fiduciary duties imposed on it by ERISA by failing to remit premiums to insurance carriers after deducting the premiums from its employees' paychecks to pay for insurance coverage. The defendants' failure to comply with the requirements of ERISA, by failing to remit premiums and by failing to give notice of the availability of COBRA coverage has caused substantial damages to the Plaintiffs and members of the proposed Class.

4) Plaintiffs, on behalf of themselves and all other persons similarly situated, bring this action for compensatory damages, including, but not limited to, statutory penalties and other statutory enhancements, including attorneys' fees, for violation of ERISA, COBRA and ARRA.

## II. JURISDICTION AND VENUE

5) This Court has exclusive jurisdiction over the matters alleged herein pursuant to 29 USC 1132 (e). That section provides that an action may be brought in the United States District Court where the plan is administered, where the breach took place, or where a defendant resides or may be found,. The Court also has jurisdiction pursuant to 29 USC 1132 (f), which grants jurisdiction to United States District Courts, without respect to the amount in controversy or the citizenship of the parties, to grant the relief in the form of a statutory penalty for failure to give notice as herein alleged to a participant or beneficiary of a a health insurance plan governed by ERISA.

6) Venue of this action is proper under 28 USC § 1391 in that substantially all of the events or omissions giving rise to the claims asserted herein occurred in the Middle District of

Alabama and the Defendant does business in and has its principal offices in the District, the plan is administered in the District, and plaintiffs and most of the class members reside in the District.

### III. PARTIES

7) Plaintiffs are former employees of Victoryland who ceased to be employed at Victoryland between September 1, 2008 and May 31, 2010. Plaintiffs were not provided notice of eligibility for COBRA coverage and/or the eligibility for a 65% discount as required by Federal Law and, as a result, suffered damages.

8) Many of the Plaintiffs and Class Members are former Victoryland employees who had insurance premiums deducted from their paychecks for insurance coverage that were not remitted to the insurance companies providing coverage under The Plan.

9) Defendant Victoryland is an Alabama corporation, with its principal place of business in Macon County, Alabama.

10) Fictitious Defendant A is the officer or employee of the Defendant Victoryland who had personal responsibility for remitting insurance premiums to insurers in connection with the group policies herein alleged.

11) Fictitious Defendant B is the officer or employee of the Defendant Victoryland who had personal responsibility for giving notices as required under the terms of ERISA as herein alleged.

12) Fictitious defendants C, D, E, F, G, H, I, J, K, L are officers, directors, or employees of the Defendant Victoryland and who were obligated to, but did not, remit premiums to insurers after they were deducted from employees' paychecks, or participated in the decisions not to remit the premiums, or who were obligated to, but did not, provide notice to employees who had been terminated, for benefits pursuant to COBRA, and/or that they were eligible for a 65%

4

discount on the COBRA premium, or both, or who learned of the decision and had authority to correct the matter and failed to do so, or who participated in those decisions. The fictitious defendants are persons whose actions with regard to the matters herein alleged are actionable pursuant to the terms and provisions of ERISA, COBRA and ARRA.

## IV. FACTUAL ALLEGATIONS

13) Plaintiffs are informed and believe that Victoryland employed approximately 2,000 people at the beginning of January of 2010.

14) Victoryland provided a group health benefit plan (the plan) for its employees. After being employed for a period of ninety (90) days, Victoryland employees and their dependents were eligible to participate in the plan. The employees are "participants" as defined in ERISA, and "covered employees" as defined in ARRA. Their dependants are "beneficiaries" as defined in ARRA.

15) The plan offered coverage for major medical, dental, vision, and short-term disability insurance through BlueCross/BlueShield Insurance Company at a cost to the employee.

16) The plan also offered coverage for life insurance, hospital indemnity, sick & accident, cancer, and short term and long term disability through Colonial Insurance Company, at a cost to the employee.

17) The plan also offered coverage for supplemental insurance through American Family Life Assurance of Columbus (AFLAC) at a cost to the employee.

18) Premiums for the insurance coverage selected by a participant after enrolling in the plan were deducted from the participant's paychecks.

19) As administrator of the plan, Victoryland owed a fiduciary duty to participants and beneficiaries for the proper management of funds received as premiums. It also owed statutory duties of administration, as set forth in ERISA.

20) The premiums for insurance coverage were paid in advance. Victoryland deducted premiums from the then current month's paychecks and remitted the deducted premiums to the insurer at the first of the following month for the following month's insurance coverage.

21) Victoryland willfully and intentionally collected premiums from the employees' paychecks near the end of the employment relationship and then failed to remit those premiums to the insurance carriers or refund those premiums of many of the Class Members.

22) ERISA (29 USCA § 1161) requires that the plan sponsor of each group health plan provide that each qualified beneficiary who would lose coverage as a result of termination is entitled, under the plan, to elect continuing coverage under the plan. Victoryland is the sponsor for the plan and is the administrator of the plan.

23) Pursuant to ERISA, all qualified beneficiaries are eligible for COBRA insurance coverage for a period of 18 months after the date of termination pursuant to 29 USCA § 1161 et seq. The provisions of ERISA require that Victoryland notify all participants (and other qualified beneficiaries) of their eligibility for COBRA coverage if the participant was terminated. (29 USCA § 1166(4)).

24) ERISA provides for a discretionary $110.00 per day statutory penalty against those persons responsible for giving the COBRA notice of availability of continuing coverage (29 USCA § 1132). (The maximum fine was increased from $100 to $110. See 29 C.F.R. 2577, 502C-1.) The fine is payable to the qualified beneficiary (including spouses of employees). It is punitive in nature. It applies to any failure to notify a beneficiary of eligibility for COBRA

within 45 days of the date of termination. The intentional nature of the defendants' actions justifies a maximum penalty which is sometimes referred to as a "civil fine."

25) The American Recovery and Reinvestment Act of 2009 (ARRA) offered involuntarily terminated employees who participated in a qualified healthcare plan that were terminated between the dates of September 1, 2008 and December 31, 2009 a 65% discount of their COBRA premium. In 2010, the 65% discount on COBRA coverage, as provided by ARRA, was extended first to March 31, 2010 and ultimately until May 31, 2010.

26) The provisions of ERISA required Victoryland to give notice to involuntarily terminated employees of their eligibility for the 65% discount under ARRA.

27) The defendants were well aware of the obligation to give COBRA notices. They gave notices only to participants who specifically asked for COBRA information, and the notice given in those instances did not contain the information required by ARRA as to the 65% discount.

28) Under ARRA, Victoryland was required to pay the 65% for COBRA on behalf of the employees who were involuntarily terminated (provided the terminated employees paid the other 35%), and then deduct that amount from quarterly payroll tax as a credit against what was owed to Internal Revenue Service.

29) The defendants, including Victoryland, knowingly and intentionally failed to notify terminated employees of their eligibility for COBRA benefits between the dates of September 1, 2008 and May 31, 2010, and evaded the obligation of paying the 65% premium for qualified former employees. Plaintiffs allege that under all the circumstances, the failure to give notice was a violation of fiduciary duty as well as statutory duty.

30) On or about January 5, 2010 Victoryland involuntarily terminated approximately 225

7

employees, many of whom participated in the plan. Victoryland failed to notify the qualified beneficiaries of their eligibility for COBRA and the 65% discount.

31) Victoryland is at the center of a tremendous political and legal controversy about the legality of electronic bingo machines and the legality of gambling in the State of Alabama.

32) On or about February 4, 2010, under threat of being raided by the Governor's Task Force on Gambling, Victoryland shut its doors and involuntarily terminated approximately 1,400 employees, in addition to those terminated in January. Many of those employees terminated in February participated in the plan. Victoryland failed to notify those employees of their eligibility for COBRA and the 65% discount.

33) The employees who were terminated on February 4, 2010 were entitled to and did receive two paychecks in February 2010. Victoryland withheld insurance premiums from the employees' two paychecks in February 2010. Victoryland did not remit those premiums to the insurance carriers. Victoryland converted those premiums to its own use

34) Victoryland reopened in March, 2010, but it re-employed only about 30% of the workforce it had been involuntarily terminated in January and Febuary.

35) Hundreds of former employees are without insurance coverage and have not been afforded the opportunity to make informed decisions concerning health insurance because of the defendants' intentional failure to comply with ERISA, COBRA, and ARRA.

36) Victoryland has taken the money of hundreds of former Victoryland employees and kept it, in violation of its fiduciary duty under ERISA.

37) Upon a successful conclusion of this litigation, Plaintiffs will be entitled to an aware of reasonable attorneys' fees pursuant to § 29 USC 1132(f).

## V. CLASS DEFINITION

38) Plaintiffs bring this action, pursuant to Rules 23(a), (b), and (c) of the Federal Rules of Civil Procedure, on behalf of themselves and all others similarly situated (hereinafter referred to as "the Class", who are members of the following class:

> Any employee of Victoryland (or qualified beneficiary of the plan) who was voluntarily or involuntarily terminated from employment between the dates of September 1, 2008 and May 31, 2010 who participated in the plan to whom Victoryland failed give proper notice of COBRA coverage eligibility and/or proper notice of eligibility for a 65% discount of COBRA premiums as required by ERISA and ARRA. The class includes all those persons from whom Victoryland withheld premiums and failed to remit the withheld premiums to insurers.

39) Excluded from this Class are:

(a) The officers and directors of any of the defendants;
(b) any judge or judicial officer assigned to this matter or his or her immediate family;
(c) any legal representative, successor, or assign of any excluded persons or entities.

## VI. CLASS ACTION ALLEGATIONS

### Numerosity of the Class

40) The members of proposed Class are so numerous that a joinder of all of them is impractical. Although the precise number of class members is not yet known, plaintiffs aver that the class members number in the hundreds.

### Common Questions of Law and Fact

41) There are questions of law and fact common to the class; namely, failure of the defendants to give adequate notice of COBRA and ARRA benefits as required by ERISA, and collection and failure to remit premiums.

### Typicality and Commonality

42) Plaintiffs' claims are typical of the claims of the class. They arise from the same

9

facts and are based on the same legal theories. The factual basis of the defendants misconduct are common to all Class Members and represent a common thread of misconduct resulting in injury to all the members of the Class.

### Adequacy of Representation

43) The Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained counsel with adequate experience and expertise to prosecute this matter.

44) Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the resources to do so. Neither Plaintiffs nor their counsel have interests adverse to those of the Class. The action is centered in Macon County, where counsel for Plaintiffs are well-respected, which will promote the confidence of the class.

### Types of Class Action

45) The facts in this case satisfy the requirements for more than one of the types of class defined in Rule 23(b) *Federal Rules of Civil Procedure*. Both 23(b)1 and 23(b)3 apply.

### Rule 33(b)1: Possible Inconsistent Results or Unfairness of Individual Actions

46) This action may be maintained as a class-action because the prosecution of separate actions by individual members of the class would create a risk of inconsistent of varying adjudications with respect to the individual members which would establish incompatible standards of conduct for the parties opposing the class, as well as a risk of adjudications with respect to individual members that would, as a practical matter, be dispositive of the interest of all the members not parties to the litigation or would substantially impair or impede their ability to protect their interest.

### Rule 23(b)3: Superiority of Class Actions

47) A class action is a superior method for fair and efficient adjudication of this controversy. The interest of the class members in individually controlling the prosecution of separate claims against defendants is small. Management of the class claims is likely to present significantly fewer difficulties than the management of many individual claims.

48) The questions of law or fact shared by all members of the class predominate over any questions affecting only individual members, and a class-action is superior to other available methods for fair and efficient adjudication of the controversy. Plaintiffs are unaware of any other litigation dealing with the issues alleged in this Complaint. The management of the class action, involving one employer and its employees, at one location within a single district will not be difficult.

49) The consideration of common questions of fact and law in a single case will conserve judicial resources and promote fair and consistent resolution of these claims.

## VII. DUTIES OF THE DEFENDANT

50) ERISA imposes upon the defendants both statutory and fiduciary responsibilities. The statutory and fiduciary responsibilities are set out in the statute. The fiduciary relationship between the persons administering the plan and the participants and beneficiaries of the plan is a relationship that arises from the requirements of ERISA. Because the statute does not enumerate or elaborate in any detail on the duties owed by a fiduciary to a plan beneficiary, courts have been called upon to define the scope of the fiduciary's responsibilities. Those responsibilities include the duty of good faith. They include the duty of good faith compliance with all requirements of ERISA, COBRA, and ARRA, good faith performance of all contractual duties; the duty not to misrepresent material facts concerning the rights of beneficiaries; the duty to fully

disclose pertinent facts concerning rights of the beneficiaries; the duty not to convert funds committed to a particular purpose under the plan, such as funds collected for insurance, to its own use; and the duty to exercise ordinary prudence in carrying out all of its duties and responsibilities under ERISA and pursuant to the plan.

## COUNT I

### Failure to Notify Qualified Beneficiaries of Their Eligibility for COBRA as Required by ERISA

51) Plaintiffs, on behalf of themselves and the class members, incorporate and reallege each and every allegation set forth above and incorporate the same herein by reference.

52) Defendants were required by the provisions of ERISA to notify all qualified beneficiaries of the availability of COBRA insurance coverage within 45 days after the date of termination, but either failed to give notice or gave inadequate notices.

53) Plaintiffs claim of the defendants both compensatory damages, and the statutory penalty provided by 29 USCA § 1132 and any other enhancement or damages that may be provided by law. Compensatory damages include monetary damages resulting from lack of insurance, and any other compensable damages that were proximately caused by the failure to give notice. Plaintiffs also claim attorneys' fees pursuant to 29 USC § 1132(f).

## COUNT II

### Failure to Notify Qualified Beneficiaries of Their Eligibility for 65% Discount on COBRA Premiums Pursuant to ARRA

54) Plaintiffs, on behalf of themselves and the class members, incorporate and reallege each and every allegation set forth above and incorporate the same herein by reference.

55) Defendants were required by ARRA to include in the COBRA notice, notice of the eligibility of qualified beneficiaries for a 65% discount for COBRA coverage within 45 days of

the dates of termination, but either failed to give notice or gave notices that did not meet the requirements of ARRA.

56) Plaintiffs claim of the defendants both compensatory damages and the statutory penalty provided by 29 USCA § 1132 and any other enhancement or damages that may be provided by law. Compensatory damages include monetary damages resulting from lack of insurance and any other compensable damages that were proximately caused by the failure to give notice. Plaintiffs also claim attorneys' fees pursuant to 29 USC § 1132(f).

## COUNT III

### Violation of Fiduciary Duty by Breach of Contract

57) Plaintiffs, on behalf of themselves and the class members, incorporate and reallege each and every allegation set forth above and incorporate the same herein by reference.

58) Pursuant to the group benefit plan, the defendants contracted with the Plaintiffs to collect and remit insurance premiums to obtain insurance coverage for the Plaintiffs. The defendants breached the said contract in that they withheld premiums from wages as alleged and failed to remit those premiums to the insurers, thereby failing to provide insurance as agreed. The breach of contract to provide insurance was a violation of fiduciary duty under ERISA.

59) Plaintiffs claim of the defendants both compensatory damages, and the statutory penalty provided by 29 USCA § 1132 and any other enhancement or damages that may be provided by law. Compensatory damages include monetary damages resulting from lack of insurance and any other compensable damages that were proximately caused by the breach of contract by failure to remit premiums that were collected. Plaintiffs also claim attorneys' fees pursuant to 29 USC § 1132(f).

## COUNT IV

**Violation of Fiduciary Duty by Commission of Fraud**

60) Plaintiffs, on behalf of themselves and the class members, incorporate and reallege each and every allegation set forth above and incorporate the same herein by reference.

61) Plaintiffs allege that the defendants fraudulently represented to the Plaintiffs that, if the defendants were allowed to withhold the insurance premiums from the paychecks of the Plaintiffs, they would remit the premiums to appropriate insurance carriers as hereinabove alleged. Acting in reliance on the said misrepresentations, the Plaintiffs allowed the defendants to collect the premiums. The defendants knew at the time they collected the premiums that they had no intention of remitting the same to the insurance companies, thereby committing contractual fraud. The reliance on the misrepresentation resulted in damages to the plaintiffs. The contractual fraud committed by the defendants was a breach of fiduciary duty under ERISA.

62) Plaintiffs claim of the defendants both compensatory damages and the statutory penalty provided by 29 USCA § 1132 and any other enhancement or damages that may be provided by law. Compensatory damages include monetary damages for lack of insurance and any other compensable damages that were proximately caused by collection and failure to remit premiums. Plaintiffs also claim attorneys' fees pursuant to 29 USC § 1132(f).

## COUNT V

**Violation of Fiduciary Duty by Commission of Deceit:
Failure to Disclose Non-Remission of Premiums**

63) Plaintiffs, on behalf of themselves and the class members, incorporate and reallege each and every allegation set forth above and incorporate the same herein by reference.

64) The defendants committed deceit in that they collected premiums for the payment of insurance but failed to remit those premiums to the insurers as hereinabove alleged and failed to

disclose the non-remission of the premiums to the Plaintiffs, a proximate result of which the Plaintiffs were damaged. Plaintiffs allege that under the circumstances herein alleged, the defendants were under a fiduciary duty pursuant to ERISA to disclose to the plaintiffs the fact that they failed to remit premiums.

65) Plaintiffs claim of the defendants both compensatory damages and the statutory penalty provided by 29 USCA § 1132 and any other enhancement or damages that may be provided by law. Compensatory damages include monetary damages for lack of insurance and any other compensable damages that were proximately caused by the failure to disclose the non-remission of premiums. Plaintiffs also claim attorneys' fees pursuant to 29 USC § 1132(f).

## COUNT VI

### Violation of Fiduciary Duty by Deceit:
### Failure to Give Notice of Eligibility for COBRA
### and Eligibility for 65% Discount as Required by Law

66) Plaintiffs, on behalf of themselves and the class members, incorporate and reallege each and every allegation set forth above and incorporate the same herein by reference.

67) ERISA imposed upon the defendants a statutory duty to disclose to Plaintiffs their rights to insurance benefits pursuant to COBRA and their right to receive a 65% discount for COBRA premiums. Despite their fiduciary and statutory duty to disclose to the plaintiffs their eligibility for continued insurance at a discount of 65%, defendants failed to disclose said information to Plaintiffs, as a proximate result of which the Plaintiffs were damaged.

68) Plaintiffs claim of the defendants both compensatory damages and the statutory penalty provided by 29 USCA § 1132 and any other enhancement or damages that may be provided by law. Compensatory damages include monetary damages for lack of insurance and any other compensable damages that were proximately caused by the failure to disclose the

entitlement of COBRA and 65% premium reduction. Plaintiffs also claim attorneys' fees pursuant to 29 USC § 1132(f).

## COUNT VII

### Breach of Fiduciary Duties

69) Plaintiffs, on behalf of themselves and the class members, incorporate and reallege each and every allegation set forth above and incorporate the same herein by reference.

70) ERISA imposed upon the defendants a fiduciary duty to remit insurance premiums collected from plaintiffs to the companies providing insurance. The defendants breached their fiduciary duty to the Plaintiffs in that they failed to remit premiums to insurers after collecting the premiums.

71) Plaintiffs claim of the defendants both compensatory damages and any damages provided or allowed by statute, including the statutory penalty for failure to give notices, and for the intentional and willful breach of their fiduciary duties. Compensatory damages include monetary damages resulting from lack of insurance and any other compensable damages that were proximately caused by the failure to remit premiums. Plaintiffs also claim attorneys' fees pursuant to 29 USC § 1132(f).

## COUNT VIII

### Violation of ERISA by Commission of a Prohibited Action:
### Conversion Of Premiums

72) Plaintiffs, on behalf of themselves and the class members, incorporate and reallege each and every allegation set forth above and incorporate the same herein by reference.

73) Victoryland collected from Plaintiffs premiums for the payment of insurance as hereinabove alleged. Victoryland failed to remit the premiums and converted the premiums to its own use. The conversation of said funds to its own use constituted a transaction prohibited by

ERISA and violation of fiduciary duties under ERISA.

74) Plaintiffs claim of the defendants all compensatory damages available for the intentional and willful conversion of funds in violation of the fiduciary duties and prohibitions provided by ERISA. Compensatory damages include monetary damages for lack of insurance and any other compensable damages that were proximately caused by the engaging in a prohibited transaction and breach of fiduciary duty not to misuse funds received in trust. Plaintiffs also claim attorneys' fees pursuant to 29 USC § 1132(f).

## COUNT IX

### Violation of Fiduciary Duty: Negligent Failure to Insure

75) Plaintiffs, on behalf of themselves and the class members, incorporate and reallege each and every allegation set forth above and incorporate the same herein by reference.

76) The defendants undertook to provide insurance for the plaintiffs and certain members of the class and negligently failed to do so, as a proximate result of which the plaintiffs and members of the class suffered damages. By accepting and failing to remit premiums, the defendants failed to exercise ordinary prudence, and as a proximate result, plaintiffs were damaged.

77) Plaintiffs claim of the defendants all compensatory damages available for the defendants' negligent failure to insure. Compensatory damages include monetary damages for lack of insurance and any other compensable damages that were proximately caused by the negligent failure to insure. Plaintiffs also claim attorneys' fees pursuant to 29 USC § 1132(f).

## COUNT X

**Equitable Relief in the Nature of Injunctive Relief**

78) Plaintiffs, on behalf of themselves and the class members, incorporate and reallege each and every allegation set forth above and incorporate the same herein by reference.

79) Based on the foregoing allegations, Plaintiffs allege that the defendants are under a continuing duty to immediately give the notices required by COBRA and ARRA to pay the 65% of COBRA premium for each plaintiff and member of the class who elect to receive COBRA coverage. By doing so, it can possibly mitigate damages resulting from lack of insurance and can avoid continuing accrual of the statutory penalty of $110 per day per class member. Plaintiffs request that, unless the defendants immediately voluntarily comply with these legal requirements, the court order defendants to do so and that the Court take any failure to promptly comply with the laws requiring COBRA notices into account in awarding the statutory penalty of $110 per day to each plaintiff and class member on final resolution of the case. Plaintiffs aver, however, that the damage already caused by failure to give the notice on a timely basis cannot be undone. Many of the plaintiffs and class members are persons of limited income who cannot afford to pay retroactively the 35% of premiums that would now be required for COBRA coverage, and allege that Congress imposed the $110 per day penalty to assure that prompt notice is given.

80) Plaintiffs claim of the defendants both compensatory damages and the statutory penalty provided by 29 USCA § 1132. Plaintiffs also claim attorneys' fees pursuant to 29 USC § 1132(f).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class Members demand relief and judgment against defendants, jointly and severally for the following:

a) An order certifying the Class as set forth herein, appointing Plaintiffs as Class Representatives and appointing undersigned counsel as counsel for the Class;

b) Economic and compensatory damages in amounts to be determined at trial;

c) Statutory penalty of $110 per day for each member of the class for the maximum period of time allowed by law;

d) Pre-judgment and post-judgment interest at the maximum rate allowable by law;

e) Attorneys' fees and costs; and

f) Such other, further, and different relief available under all applicable laws and any relief the Court deems just and appropriate.

**DATED: August 10, 2010**

_____
Philip Dale Segrest (SEGRP6870)
The Segrest Law Firm
P.O. Box 780791
Tallassee, AL 36078
Telephone: 334-252-0036
Fax: 334-252-0037
Email: Dale.Segrest@SegrestLaw.com

/s/ Robert S. Thompson
_____
Robert S. Thompson (THO039)
Robert Simms Thompson, P.C.
308 North Elm Street
Tuskegee, AL 36083
Telephone: 334-727-6463
Fax: 334-727-5746
Email: rstpc@aol.com

*Attorneys for Plaintiffs and the Class*