# EXHIBIT 1
# SETTLEMENT AGREEMENT

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

LUCRETIA HORNSBY, ANMARIE
YOUNG, PRESTON YOUNG,  DAWN
HAMMOCK, CELINA JORDAN,
TABITHA ARLEDGE, ERICA MILLER,
OCIE BUTLER, and DARRELL
THOMAS, on behalf of themselves and
all others similarly situated,

              Plaintiffs,

    v.

MACON COUNTY GREYHOUND
PARK, INC.,  and McGREGOR
ENTERPRISES,

              Defendants.

Civil Action No. 3:10-CV-680-MHT
**CLASS ACTION**

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into this 23rd day of October, 2012, to memorialize the agreement reached on September 18, 2012, in mediation conducted by Chief U.S. Magistrate Judge Susan Russ Walker, by and among Lucretia Hornsby, Anmarie Young, Preston Young, Dawn Hammock, Celina Jordan, Tabitha Arledge, Erica Miller, Ocie Butler, and Darrell Thomas (each a "Representative Plaintiff" and together the "Representative Plaintiffs"), and Macon County Greyhound Park, Inc. doing business as Victoryland and McGregor Enterprises ("MCGP"), and Milton McGregor (collectively "Defendants").

WHEREAS, the Representative Plaintiffs filed a putative class action lawsuit against Defendants in the United States District Court for the Middle District of Alabama, Eastern Division, captioned *Lucretia Hornsby et al v. Macon County Greyhound Park, Inc., et al.,* Civil Action No. 3:10-CV-680-MHT (the "Litigation"); and

WHEREAS, the parties have reached a settlement pursuant to which defendants will pay $1,300,000.00 to be used and distributed in complete settlement of this class action lawsuit on the terms, provisions, and conditions set forth herein; and

WHEREAS, Defendants have represented that to the best of their knowledge 248 persons fall within the definition of the Settlement Class, as defined herein, and the Representative Plaintiffs have reviewed the supporting documentation by MCGP and relied upon those representations in defining the Settlement Class; and

WHEREAS, the Settlement Class consists of all former employees of Macon County Greyhound Park (d/b/a Victoryland and McGregor Enterprises) ("MCGP") who participated in a group health insurance plan with BlueCross BlueShield of Alabama that was provided by the MCGP for employees of MCGP, including employees who signed an arbitration agreement as a condition to employment, and who were laid off from employment at MCGP in January and February of 2010 and who were not subsequently re-hired by MCGP; and

WHEREAS, Defendants deny all allegations of wrongdoing and liability asserted in the Litigation and maintain that they have conducted their dealings with the Representative Plaintiffs and the Settlement Class Members in a lawful manner in all respects. Defendants agree to the settlement due to the time, burdens, expenses and uncertainties of continued litigation. This is a settlement agreement and shall not be used as evidence by any person or entity, including, any Settlement Class Member who elects to opt out of the Settlement Class. Defendants reserve all rights to oppose certification in the event the settlement is not approved by the court or otherwise consummated and deny that class certification is appropriate given the allegations of the case. In entering into this settlement, Defendants do not admit any allegations made by Plaintiffs and continue to maintain that they have meritorious defenses to the claims asserted by Plaintiffs; and,

WHEREAS, the attorneys for the Representative Plaintiffs represent that they have conducted a thorough study and investigation of the law and the facts relating to the claims that were asserted or could have been asserted in the Litigation and have concluded, taking into account the substantial benefits that the Settlement Class Members will receive as a result of the settlement provided herein and the considerable risks and delays of further litigation, including but not limited to potential difficulties in collecting any judgment against Defendants, that the Settlement is fair, reasonable, and in the best interests of the Representative Plaintiffs and the Settlement Class Members; and

WHEREAS, subject to the approval of the Court, the parties wish to effect a compromise;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the undersigned that the Litigation shall be settled and compromised, subject to the approval of the Court, upon and subject to the following terms and conditions:

1.      The parties will submit to the Court an order (the "Preliminary Approval Order") substantially in the form attached hereto as <u>Exhibit A</u> which, among other things, shall certify a Settlement Class for settlement purposes only pursuant to Rule 23 of the Federal Rules of Civil Procedure, to consist of those employees who were laid off on or about January 5, 2010, and on or about February 4, 2010 and who participated in a Blue Cross Insurance plan provided by the Defendants ("Settlement Class").  By agreement of the parties, the Settlement Class includes any persons who signed arbitration agreements, and who are otherwise included in the Settlement Class definition. The Settlement Class does not include those employees who were subsequently rehired, or who were terminated prior to January 1, 2010.   The preliminary Order shall also approve the Representative Plaintiffs as adequate representatives of the Class. The Preliminary Order shall also designate Dale Segrest, Mike Segrest, David Martin, David Selby II, Robert Thompson, and J.B. Perrine as class counsel ("Class Counsel").

2.      The Preliminary Approval Order shall also require that a Notice of Class Action and of Proposed Settlement ("Class Notice") substantially in the form of <u>Exhibit B</u> attached hereto shall be sent within 21 days following entry of the Preliminary Approval Order to each Settlement Class Member's last known mailing address as reflected in, and reasonably available from, Defendants' records as of the date of mailing; provided, that if a more current address is made known to Settlement Class Counsel by a Class Member, the more current address may be substituted.

3.      As of September 24, 2012, Defendants segregated the amount of $1,000,000.00 (the "First Installment Payment") into the attorney trust account of Melton, Espy and Williams P.C ('the Escrow Account").  On or before March 21, 2013, Defendants will segregate an additional $300,000.00, the remaining amount, into the

Escrow Account.  Full information concerning the Escrow Account shall be available to both Class Counsel and the attorneys for the defendants at all times.  The Escrow Account shall not be released to Class Counsel, but be under joint control of Class Counsel and defense counsel until this settlement is fully approved, and is no longer subject to appeal (or if appealed, until the appeal is fully resolved).  If, for any reason, the settlement is not approved by the Court, and Class Counsel and Defendants' counsel are unable to submit to the Court alternate terms acceptable to the Court that will achieve a settlement for the funding that the parties have agreed upon, then the Escrow Account shall be returned to the defendants.  The purpose of establishing this escrow account is to assure adequate funds to pay the settlement fund provided for in this agreement and to pay attorney fees and expenses approved by the Court, and for payment of claims administration expenses, including notice, claims processing, and distribution of Settlement Funds.  The Court will retain continuing jurisdiction over the Escrow Account and over any disputes, questions, or issues arising out of, or in any way relating to, the disposition or allocation of the amount deposited in the Escrow Account.  Upon entry of the Preliminary Approval Order, and as provided therein, any disposition of the amount deposited in the Escrow Account, will require a Court Order approving such disposition, unless and until the Court enters a Final Order, as herein provided.  Upon entry of the Final Order, disposition of funds shall be governed thereby.  Of the amount deposited in the Escrow Account, $350,000.00 is designated by Class Counsel as the Settlement Fund (the "Settlement Fund") solely to fund distributions to Class Members, and the named Plaintiffs.  The remaining amount of $950,000.00 ("the Administrative Fund") shall be used for payment of class administration fees, attorney fees, expenses, and costs.  In no event shall Defendants be liable for any amount in excess of the agreed upon amount of $1,300,000.00.

4.     Class Counsel or their designee shall administer the Settlement. After final approval of the settlement, as provided in the preceding paragraph, the Escrow Account shall be under the exclusive control of Class Counsel. The reasonable costs and expenses incurred in connection with the administration of the Settlement, including, without limitation, the costs of printing and mailing notice to the Settlement Class and

issuing and mailing checks as provided in this Agreement of Settlement and all other costs of administering the Settlement will either be paid from the Escrow Account, or be paid by Class Counsel and reimbursed to Class Counsel from the Escrow Account as part of the attorneys' fees and expenses.   Representative Plaintiffs and Class Counsel will retain a third party agency ("the Administrator") acceptable to Defendants who will oversee and monitor the administration of the Settlement and assure compliance with the terms of this Agreement of Settlement.   The Administrator will have access to sufficient information to be able to: (i) respond to Settlement Class Members inquiries; (ii) issue periodic reports setting forth distributions from the Settlement Fund; (iii) and issue checks (iv) and file a final report with the Court certifying distributions from the Settlement Fund.   The Administrator will also provide such other incidental services which Class Counsel determines are necessary to administer the Settlement.   As a cost of administration of the settlement, class counsel shall be responsible for any and all federal or state tax reporting requirements related to the settlement and reporting obligations for payments to the class members receiving payment and agree that Defendants shall not be responsible or liable for any such reporting. Plaintiffs agree that Defendants shall not be responsible for distribution of settlement funds to the class members. Neither Defendants nor Counsel for Defendants will have any liability or other responsibility for payment of any costs or expenses incurred in connection with the administration of the settlement.

The administration of the Settlement shall be subject to Court supervision.

5.      Any Settlement Class Member may request not to participate in the Settlement by submitting a timely written request for exclusion in accordance with the Preliminary Approval Order and the Class Notice.

(a)  Any Class Member who submits a timely written request for exclusion postmarked within 30 calendar days of mailing of the Class Notice (the "Opt-Out Period") referenced in paragraph 7 is an Opt-Out Employee.   An Opt-Out Employee is deemed to have waived any and all claims to any part of the Settlement Fund, and to any of the other relief provided herein.   Depending upon whether the Opt-Out Employee elects Option One or Option Two as further

described in the Class Notice, the Opt-Out Employee may still be bound by the terms of the Settlement.  More specifically, an Opt-Out Employee electing Option One elects to not be involved in this lawsuit and is willing to give up his or her right to receive the settlement payment and is electing to waive any rights to bring future claims related to the claims alleged in the Litigation.   An Opt-Out Employee electing Option Two is one that may have incurred damages in excess of the *pro rata* settlement amount and elects to reserve the right to bring his or her own cause of action and waive any right to receive a settlement payment.

(b)  The Representative Plaintiffs agree to participate as Settlement Class Members, not to request exclusion, not to object to the Court's approval of this Settlement Agreement, and affirmatively to support final judicial approval of this Settlement Agreement.

(c)  If Class Counsel or the Administrator receives a written request for exclusion from a Settlement Class Member, Class Counsel shall deliver a copy of the request to Defendants within three (3) days after receipt.

## RELIEF FOR CLASS

6.     Upon the Effective Date (as defined in paragraph 9),  Class Counsel may distribute the Settlement Fund to the Class, in keeping with the terms, provisions and conditions of this Agreement.  Distribution shall be calculated as follows:  Subject to approval of the Court, each representative plaintiff shall receive an enhancement in the amount of $2,200.00 for their services as Class Representatives.  The balance of the settlement fund shall be divided by the total number of Settlement Class Members, including all of the Representative Plaintiffs, and the resulting amount; i.e., approximately $1,331.45, shall be distributed to each Settlement Class Member, subject to the procedures required by this Agreement and the Class Notice.  A check for the share allocated to each class member shall be delivered to the Class Member's last known available address upon receipt of an executed claim form (see Claim Form attached to Class Notice [Exhibit B]).   It is understood and agreed that the payment to Class Members is for settlement of any and all claims that were asserted at any time or that could have been asserted in the Litigation.  Acceptance of the payment shall constitute a

full and complete settlement of all claims of any nature of that Class Member that were raised or could have been raised in the Litigation at any time.  Any Class Member who has special damages in excess of the settlement amount, and who wishes to pursue those damages, must opt-out under Option Two and be excluded from the Settlement Class, and pursue that claim as a separate matter, and shall not be entitled to any part of the Settlement Fund.  Any Class Member's entitlement to payment shall be contingent upon submitting an eligible claim form and providing identification as a qualified Class Member.  Funds allocated for payment to any class member who opts out of the class, or who fails to submit an acceptable claim form, or to provide an appropriate identification as a qualified class member, within 180 days of final approval of the settlement shall be refunded to the Defendants.  Upon the Effective Date (as defined in paragraph 9), each Representative Plaintiff will provide Defendants with a signed Release.  The Release to be used is attached hereto as <u>Exhibit C</u> and has been approved by Class Counsel.

## ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

7.      As part of the effort to settle the case, Class Counsel provided Defendants with an estimate of their expenses and aggregate summary of their time records in the Litigation.  Defendants acknowledge, for purposes of the Settlement Agreement only, that Class Counsel's fees and expenses incurred and likely to be incurred exceed $950,000.00, and that the Representative Plaintiffs sought an award of reasonable attorneys' fees and expenses under 42 U.S.C Section 1132(f).  Class Counsel will petition the Court for an award of all attorneys' fees and costs to be paid from the Administrative Fund, and Defendants will neither oppose nor support, but will remain neutral, as to Class Counsel's request.  Class Counsel agrees not to seek an award for attorney's fees and costs in excess of $950,000.00.  The payment to the Class Members shall be paid from the initial installment, and the second installment shall be used to pay any administrative costs and attorneys' fees not covered by the initial installment.

**OTHER**

8.      As indicated above, representative Plaintiffs shall request that the Court make an award of fees in the amount of $2,200.00 each for service as the class representatives. Defendants  agree to neither  oppose nor support  a request for an enhancement amount not exceeding $2,200.00 for each Representative Plaintiff, but will remain neutral as to any such service award.  The enhancement amount is in addition to the amount to be paid to the Representative Plaintiffs as Settlement Class Members.

9.      As used herein, the term "Effective Date" means the third business day after the latter of either (a) the lapse of the time for appeal of the Final Order without any appeal having been taken; or (b) both (i) the affirmance on appeal of the Final Order without modification or the dismissal of any appeal of the Final Order without alteration of the Final Order in any respect unsatisfactory to Defendants and/or Class Counsel, and (ii) the termination of any further opportunity of appellate review.

10.      Except as otherwise ordered by the Court, Settlement Class Members whose Class Notices are returned as undeliverable and for whom no forwarding address can be determined by the Third Party Administrator or who fail to submit an eligible claim, or to cash  their  settlement  checks,  shall  be  forever  barred  from  receiving  any  payments pursuant to the Settlement set forth herein, and will in all other respects be subject to and bound by the provisions of this Agreement of Settlement, the Settlement, the releases contained herein, and the Final Order.

11.      Class Counsel and/or the Third Party Administrator are authorized to use a tracing service to locate any missing Settlement Class members, to be paid from the Settlement Fund. Defense counsel is authorized to give notice pursuant to the Class Action Fairness Act ("CAFA") to the United States Attorney General and, the Sheriff of Macon County  for any Settlement Class Members residing in  Alabama, and  for Settlement Class Members residing in any other state , the necessary officials, of the terms of the settlement  as well as any other information the Court may require to comply with CAFA.

12.     The administration of the Settlement and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of, and determination by, the United States District Court of the Middle District of Alabama.

13.     The final judgment entered in this action will be binding upon all members of the Class and upon Defendants, and will extinguish all claims arising out of or in connection with the Litigation.  All Class Members who do not opt out under Option #2 shall be deemed to release Defendants, (including MCGP's officers, directors, shareholders, employees and agents) from all claims arising out of or in connection with the Litigation.  Furthermore, the Settlement in this matter is not a settlement of any claims of any Settlement Class Member in the case styled Weekes-Walker, et. al. v. Macon County Greyhound Park, Inc., and does not affect any rights or claims that any Settlement Class Member may have in the Weekes-Walker case.

14.     Upon the Effective Date, Defendants, and assigns, are deemed to release and forever discharge the Representative Plaintiffs, their present and former attorneys, administrators, heirs, agents, successors, and assigns, from all claims arising out of or in connection with this Litigation.  Each Representative Plaintiff and all class members who do not opt out under Option #2 shall, as of the Effective Date of this settlement, be deemed to release Defendants, their present and former attorneys, employees, officers, directors and shareholders, administrators, heirs, agents, successors, and assigns from all claims arising out of or in connection with this Litigation  as set forth in the mutually agreed upon Release in the form of Exhibit C on or after the Effective Date. Representative plaintiffs and Class Counsel agree to keep all information shared in this case confidential, except as necessary to represent the Settlement Class and to fulfill any requirements under the *Alabama Rules of Professional Responsibility*.

15.     After the execution of this Settlement Agreement, and no later than October 23, 2012, Class Counsel and Defendants shall jointly request the Court to enter the Preliminary Approval Order as provided in Exhibit A.

16.     The parties shall submit to the Court the form of Preliminary Approval Order attached hereto as Exhibit A.  Entry of a Preliminary Approval Order substantially in the form of Exhibit A, with such modifications as shall be acceptable to Class Counsel and Defendants, shall be a condition of the Settlement.  Failure of the Court to enter such a Preliminary Approval Order shall give rise to the consequences set forth in Paragraph 19 hereof.

17.     If the Court enters the Preliminary Approval Order, Class Counsel and Defendants shall request the Court to enter a Final Order substantially in the form of Exhibit D attached hereto.

18.     The parties shall submit to the Court a draft Final Order substantially in the form of Exhibit D attached hereto.  Entry of a Final Order substantially in the form of Exhibit D, with such modifications as shall be acceptable to Class Counsel and Defendants, shall be a condition of the Settlement.  Failure of the Court to enter such a Final Order shall give rise to the consequences set forth in Paragraph 19 hereof.

19.     In addition to the terms of paragraphs 16 and 18 above, if: (a) the Court does not enter a Preliminary Approval Order as contemplated by this Agreement; or (b) the Court does not enter the Final Order as contemplated by this Agreement; or (c), the entry of the Final Order is reversed on appeal or the Final Order is modified as a result of an appeal such that the case cannot be settled with the contemplated Releases from Class Members for the total settlement amount to which the parties have agreed, then the Settlement shall be terminated.  This Agreement and other papers submitted in connection with this Agreement shall not be offered or received in evidence in any proceeding and shall not constitute an admission of any matter; all findings and determinations made pursuant hereto shall be null and void; all parties shall stand in the same position as if this Settlement Agreement and any proceedings under it had not

occurred, and this Settlement Agreement shall be of no further force and effect, except that the provisions of this paragraph shall survive.

20.    It is expressly agreed and understood that this Settlement Agreement does not constitute an admission by any party or the stipulation of any fact, and no part of it shall be admitted in evidence in any action involving any party except an action to enforce its terms.

21.    This Settlement Agreement may be executed in separate counterparts.

22.    This Settlement Agreement and Release will be binding on, and inure to the benefit of, the Representative Plaintiffs, Settlement Class Members that do not opt out of the Settlement Class under Option Two, and Defendants (including MCGP's officers, directors, shareholders, employees and agents), their heirs, administrators, successors, and assigns.

23.    It is further understood, and agreed, that this Agreement and associated exhibits are the full and complete agreement between the parties and that there are no other agreements, covenants, promises, or arrangements other than those set forth herein. Except as expressly set forth in this Agreement and associated Exhibits, the parties have not made, and do not make, any other representations, warranties, statements, promises or agreements to or with each other.

IN WITNESS WHEREOF, the parties hereto, acting by and through their respective counsel of record, have so agreed, on this the 23rd day of October, 2012.

EXHIBIT A
To
EXHIBIT 1 – Settlement Agreement
**PROPOSED OPINION AND ORDER**

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| LUCRETIA HORNSBY, ANMARIE YOUNG, PRESTON YOUNG, DAWN HAMMOCK, CELINA JORDAN, TABITHA ARLEDGE, ERICA MILLER, OCIE BUTLER, and DARRELL THOMAS, on behalf of themselves and all others similarly situated, | |
| *Plaintiffs*, | Case No. 3:10-CV-680-MT **CLASS ACTION** |
| v. | |
| MACON COUNTY GREYHOUND PARK, INC., MILTON McGREGOR, McGREGOR ENTERPRISES, and VICTORYLAND, | |
| *Defendants*. | |

## <u>PROPOSED OPINION AND ORDER</u>

Before the court is the parties' Joint Motion for Preliminary Approval of Settlement Agreement and Certification of Settlement Class [Doc No.188] that includes a request for approval of the Settlement Agreement certification of a "settlement class," approval of a notice plan, and setting of a fairness hearing. In this putative class action, named-plaintiffs Lucretia Hornsby, Anmarie Young, Preston

Young, Dawn Hammock, Celina Jordan, Tabitha Arledge, Erica Miller, Ocie Butler, and Darrell Thomas asserted claims for damages under the Employee Retirement Income Security Act of 1974, 290 S.C. § 1001-1461 for alleged violations of the Comprehensive Omnibus Budget Reconciliation Act ("COBRA"), 29 USC § 1166 as amended by the American Recovery and Reinvestment Act ("ARRA") Act Pub. L. 111-5, Div. B, Title III § 3001, 123 Stat. 462, with respect to the Macon County Greyhound Park Blue Cross and Blue Shield ("BCBS") health insurance plan against defendants Macon County Greyhound Park, Inc. (doing business as Victoryland and McGregor Enterprises) and Milton McGregor. The terms of the settlement are set out in a Settlement Agreement (Doc. No. 188-1)executed on October 23, 2012, which has been properly executed by or on behalf of the named parties. Pursuant to 29 U.S.C. § 1132, the court has jurisdiction over the subject matter of this action and over all parties to this action, including all members of the settlement class. It is ORDERED that the Joint Motion for Preliminary Approval of Settlement Agreement, including certification of a settlement class, approval of a notice plan, and setting of a fairness hearing (Doc. No. 188) is granted as follows:

# I. CLASS FINDINGS AND CERTIFICATION

The court preliminarily finds, for purposes of the settlement only, that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the settlement class, in that:

(a)  The settlement class is ascertainable from records kept by MCGP and the members of the settlement class are so numerous that their joinder before the court would be impracticable.

(b)  Based on allegations in the plaintiffs' complaint, and examination of the legal claims and facts necessary to prove them, the court preliminarily finds that there are one or more questions of fact and/or law common to the settlement class.

(c)  Based on allegations in the plaintiffs' complaint and otherwise supported in the record, the court preliminarily finds that the defendants engaged in uniform conduct affecting members of the settlement class. The court further finds that the plaintiffs' claims and their alleged legal injuries are typical of the claims and injuries of the settlement class.

(d)  The plaintiffs will fairly and adequately protect the interests of the settlement class in that: (i) the interests of the plaintiffs

and the nature of their alleged claims are consistent with those of the members of the settlement class; (ii) there are no significant conflicts between or among the plaintiffs and the settlement class; and (iii) the plaintiffs are represented by qualified and reputable counsel who are experienced in preparing and prosecuting class actions of this type.

(e)   The prosecution of separate actions by individual members of the settlement class would create a risk of: (i) inconsistent or varying adjudications as to individual class members, that would establish incompatible standards of conduct for the parties opposing the claims asserted in the action; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests.

Based on these findings, therefore, the court preliminarily certifies the following settlement class under Federal Rule of Civil Procedure 23(b)(3):

> All former employees of Macon County Greyhound Park (d/b/a Victoryland and McGregor Enterprises)("MCGP") who participated in a group health insurance plan with BlueCross BlueShield of Alabama that was provided by MCGP in this action for employees of MCGP, including employees who signed an arbitration agreement as a condition to employment, and who were laid off from employment at

MCGP   in January and February of 2010 and who were not subsequently re-hired by MCGP.

The court finds that the settlement class is sufficiently well-defined and cohesive to warrant certification as a class under Rule 23(a) and 23(b)(3) for settlement purposes only.

As required by Rule 23(g), the court has considered: (i) the work class counsel has done in identifying or investigating potential claims in this action; (ii) class counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this action; (iii) class counsel's knowledge of the applicable law; and (iv) the time and resources class counsel have committed to representing the class. Based on these factors, the court finds that class counsel have and will continue to represent fairly and adequately the interests of the settlement class.

Accordingly, pursuant to Federal Rule of Civil Procedure 23(g)(2) the court preliminarily designates The Segrest Law Firm, Robert Simms Thompson, P.C., Bailey & Glasser, LLP, The Martin Law Group, LLC,  as co-lead class counsel with respect to the settlement class in this action.

As mentioned, the court finds that the named plaintiffs are adequate and typical class representatives for the settlement class and, therefore, appoints these plaintiffs as the representatives of the settlement class.

The court having determined preliminarily that this action may proceed as a class action for settlement purposes only under Fed. R. Civ. P. 23(a) and 23(b)(3), members of the settlement class that do not opt out for purposes of bringing their own lawsuit shall be bound by any judgment concerning the settlement in this action, subject to the court's final determination as to whether this action may so proceed.

## II. PRELIMINARY APPROVAL OF SETTLEMENT

The settlement documented in the Settlement Agreement (Doc. No. 188-1) is preliminarily approved, as the court preliminarily finds that: (a) the proposed settlement resulted from arm's-length negotiations and was mediated by Chief United States Magistrate Judge Susan Walker; (b) the Settlement Agreement was executed only after class counsel had researched and investigated multiple legal and factual issues pertaining to the plaintiffs' claims; (c) there is a genuine controversy between the parties involving the defendants' compliance with the law; (d) the settlement appears on its face to be fair, reasonable, and adequate; and (e) the settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable, and adequate to warrant sending notice of the action, and its settlement, to the settlement class.

## A. Fairness Hearing

A fairness hearing, pursuant to Fed. R. Civ. P. 23(e), is scheduled to be held before the court on _____, 2013 at 10:00 a.m. at the United States Courthouse, Frank M. Johnson, Jr. U.S. Courthouse Complex, One Church Street, Montgomery, Alabama 36104, to determine finally, among other things:

(a)   Whether the settlement should be approved as fair, reasonable, and adequate;

(b)   Whether the settlement class satisfies the requirements of Fed. R. Civ. P. 23 and should be    finally certified as preliminarily found by   the court;

(c)   Whether the litigation should be dismissed with p r e j u d i c e p u r s u a n t   t o   t h e   t e r m s   o f   t h e   A g r e e m e n t   o f Settlement;

(d)   Whether the final approval order attached to the Agreement should be entered and whether the releasees should be released of and from the released claims, as provided in the Agreement;

(e)   Whether the notice and notice methodology implemented pursuant to the Agreement (i) were reasonably

calculated, under the circumstances, to apprise members of the settlement class of,

the pendency of the litigation, their right to object to the settlement, and their right to appear at the fairness hearing; (ii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to n o t i c e ;  a n d ( i i i )  m e t  a l l  a p p l i c a b l e  requirements of the Federal Rules of Civil Procedure and any other applicable law;

(f)   Whether class counsel adequately represents the settlement class for purposes of entering into and implementing the Agreement as required by Fed. R. Civ. P. 23(g) and as preliminarily found by the court;

(g)   Whether the proposed method of allocation of the settlement is fair, reasonable, and adequate and should be approved by the court;

(h)   Whether the settlement has been negotiated at arm's length by class counsel on behalf of the plan and the settlement class, whether the plaintiffs have acted independently, whether the plaintiffs' interests are identical to the interests of the plan and the settlement class;

    (i)   Whether the application for attorneys' fees and expenses to be filed by class counsel should be approved;

    (j)   Whether case service awards should be awarded to the plaintiffs; and

    (k)   Any other issues necessary for approval of the settlement.

## B. Class Notice

The parties have presented to the court a proposed Class Notice (Exhibit B to doc. No. 188-1), consisting of a mailed notice which is appended hereto as exhibit A. The court approves the form and content of the Class Notice, finding that it fairly and adequately: (1) describes the terms and effect of the Agreement and of the settlement; (2) gives notice to the settlement class of the time and place of the fairness hearing; and (3) describes how the recipients of the class notice may object to approval of the settlement.

The parties have proposed the following manner of communicating the notice to members of the settlement class, and the court finds that such proposed manner is adequate and directs that the plaintiffs shall:

    (a)   By no later than 21 days from the date of this Order, cause the mailed notice, with such non-substantive modifications thereto as may be agreed upon by the parties, to be disseminated pursuant to the

Agreement, to the last known address of each member of the settlement class who can be identified by reasonable effort. At or before the fairness hearing, class counsel shall file with the court a proof of timely compliance with the foregoing mailing requirements.

The defendants shall, on or before November 2, 2012, file with the court proof of compliance with the Class Action Fairness Act of 2005, as specified in 28 U.S.C. § 1715 and Paragraph 11 of the Settlement Agreement.

Reasonable expenses of effecting class notice shall be paid out of the settlement fund.

### C. Objections to Settlement

"Objector" shall mean any member of the settlement class who wishes to object to the fairness, reasonableness, or adequacy of the settlement; to the plan of allocation; to any term of the Settlement Agreement; to the proposed case contribution awards; or to the proposed award of attorney's fees and expenses. Any objector must file with the court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the court's attention or introduce in support of such objection. The objector must also mail the objection and all supporting law and/or evidence to counsel for the parties.

The addresses for filing objections with the court and service on counsel are as follows:

1. <u>Court.</u>

> Clerk of the U.S. District Court Middle District of Alabama
> One Church Street
> Montgomery, AL 36104

2. <u>Plaintiffs' Counsel.</u>

> Philip Dale Segrest, Esq.
> John Michael Segrest, Esq.
> The Segrest Law Firm
> P.O. Box 780791
> Tallassee, AL 36078

> Robert S. Thompson, Esq.
> Robert Simms Thompson, P.C.
> P.O. Box 830780
> Tuskegee, AL 36083

> James B. Perrine, Esq.
> Bailey & Glasser, LLP
> 201 Monroe Street, Suite 2170
> Montgomery, AL 36104

> David P. Martin, Esq.
> Ariel S. Blocker, Esq.
> Jason E. Burgett, Esq.
> The Martin Law Group, LLC
> P.O. Box 20087
> Tuscaloosa, AL 35402

> David Lewis Selby II, Esq.
> James B. Perrine, Esq.
> Bailey & Glasser, LLP
> One Chase Corporate Center, Suite 400

Birmingham , AL 35244-7001

<u>Defendants' Counsel.</u>

Patrick L. W. Sefton, Esq.
Robert E. Sasser, Esq.
R. Brian Tipton, Esq.
Sasser, Sefton, Brown, Tipton & Davis, P.C.
P.O. Box 242127
Montgomery, AL 36124-2127

Fred D. Gray, Esq.
Stanley F. Gray, Esq.
Gray, Langford, Sapp, McGowan, Gray & Nathanson
P.O. Box 830239
Tuskegee, AL 36083-0239

The objector, or, if represented by counsel, his, her, or its counsel, must both effect service of the objection on counsel listed above and file the objection with the court at least 14 calendar days prior to the fairness hearing. Any member of the settlement class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the settlement and any untimely objection shall be barred.

Any objector who files and serves a timely, written objection may also appear at the fairness hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the fairness hearing must effect service of a "Notice of Intention to Appear" setting forth, among other things, the name, address, and telephone number of the objector

(and, if applicable, the name, address, and telephone number of the objector's attorney) on counsel identified above and file it with the court at least 30 calendar days prior to the fairness hearing. Any objector who does not timely file and serve a "Notice of Intention to Appear" in accordance with this paragraph shall not be permitted to appear at the fairness hearing, except for good cause shown. The parties' counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

The parties shall respond to an objector at least seven calendar days prior to the fairness hearing.

### III.  OTHER FEES AND EXPENSES

Any application by class counsel for attorneys' fees and reimbursement of expenses; for a case contribution award to the plaintiffs, and all papers in support thereof, shall be filed with the court and served on all counsel of record at least 28 calendar days prior to the fairness hearing.

### IV.  FINALIZATION OF SETTLEMENT

Class counsel shall file with the court a motion for entry of the final approval order and approval of the plan of allocation at least 28 calendar days prior to the fairness hearing.

Pending final determination of whether the settlement should be approved, all members of the settlement class are each BARRED AND ENJOINED from

instituting or prosecuting any action that asserts any released claim against Defendants including but not limited to their agents, officers, directors, employees (past and current), affiliates and related companies.

If the settlement is terminated in accordance with the Agreement of Settlement or does not become final under the terms of the Agreement of Settlement for any other reason, this order and all class findings shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before the court entered this order.

In the event this order becomes of no force or effect, no part of it shall be construed or used as an admission, concession, or declaration by or against the defendants of any fault, wrongdoing, breach, or liability, nor shall the order be construed or used as an admission, concession, or declaration by or against the plaintiffs or the settlement class that their claims lack merit or that the relief requested in the action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have. The court reserves the right to continue the fairness hearing without further written notice.

DONE, this the _____ day of October 2012.


/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

EXHIBIT B
To
EXHIBIT 1 – Settlement Agreement
**CLASS NOTICE**
(including Opt-out Form and Claim Form)

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

LUCRETIA HORNSBY, ANMARIE YOUNG,
PRESTON YOUNG, DAWN HAMMOCK, CELINA
JORDAN, TABITHA ARLEDGE, ERICA MILLER,
OCIE BUTLER, and DARRELL THOMAS, on behalf of
themselves and all others similarly situated,

       *Plaintiffs*,

       v.

MACON COUNTY GREYHOUND PARK, INC.,
MCGREGOR ENTERPRISES and MILTON E.
MCGREGOR,

       *Defendants*.

Civil Action No. 3:10-CV680
**CLASS ACTION**

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

**PLEASE READ THIS NOTICE CAREFULLY. THIS IS NOT A LAWSUIT AGAINST YOU.
YOU MAY BENEFIT FROM READING THIS NOTICE.**

### DESCRIPTION OF THE LAWSUIT

Lucretia Hornsby, Anmarie Young, Preston Young, Dawn Hammock, Celina Jordan, Tabitha Arledge, Erica Miller, Ocie Butler, and Darrell Thomas (together, the "Representative Plaintiffs") have filed a class action lawsuit against Macon County Greyhound Park, Inc., (MCGP), McGregor Enterprises, and Milton McGregor (together, the "Defendants"), captioned Hornsby et al v. Macon County Greyhound Park, Inc. Civil Action No. 3:10-CV680 (the "Litigation").

The Litigation alleges that Defendants failed to send out proper COBRA and ARRA Notices to certain employees who participated in the Defendants' group health benefit plan through Blue Cross Blue Shield ("BCBS"). COBRA notice refers to the Consolidated Omnibus Reconciliation Act (29 USC § 1166) and ARRA notice refers to the American Recovery and Reinvestment Act (Pub. L. 111-5, Div B, Title III § 3001, 123 Stat. 462). More specifically, Representative Plaintiffs allege that if ARRA and COBRA information was provided to the Representative Plaintiffs it was misleading, and due to the misinformation by Defendants, Representative Plaintiffs and Class Members were not made aware of their eligibility for certain health insurance coverage and premium reductions. Defendants denied the allegations of the Litigation including Plaintiffs' ability to bring the Litigation as a class action and requested the Court to dismiss the Litigation. Defendants maintain that they have meritorious defenses to all claims that were raised or could have been raised in the Litigation.

### WHO IS INCLUDED IN THE CLASS?

For purposes of Settlement only, the Court will provisionally certify a "Settlement Class" consisting of "All former employees of Macon County Greyhound Park (d/b/a Victoryland and McGregor Enterprises)("MCGP") who participated in a group health insurance plan with BlueCross BlueShield of Alabama that was provided by MCGP in this action for employees of MCGP, including employees who signed an arbitration agreement as a condition to employment, and who were laid off from employment at MCGP in January and February of 2010 and who were not subsequently re-hired by MCGP".

### WHO IS <u>NOT</u> INCLUDED IN THE CLASS?

If you were rehired and went back to work for MCGP at any point in time after February, 2010, then you are <u>NOT</u> a part of the Settlement Class.  Also, the Settlement Class does <u>Not</u> include employees who lost their jobs before January 2010 or in August, 2010.

## DESIGNATION OF CLASS COUNSEL

For purposes of this Settlement, the Court has designated as Class Counsel Dale Segrest and Mike Segrest of The Segrest Law Firm, David P. Martin of The Martin Law Group, LLC, Robert S. Thompson of Robert Simms Thompson, P.C., and David L. Selby, II and J.B. Perrine of Bailey & Glasser LLP.

Class Counsel believe that the Settlement is fair and in the best interest of the Settlement Class. Class Counsel has thoroughly investigated the law and facts relating to the claims in the Litigation. This Notice should not be understood as an expression of any opinion by the Court as to the merits of any of the claims asserted in the Litigation or any defenses asserted in the Litigation.

## SETTLEMENT NEGOTIATIONS

Class Counsel has made a thorough investigation of the law and the facts relating to the allegations of the Complaint and the defenses asserted by the Defendants. In conducting this investigation, Class Counsel has, among other things, reviewed several thousand pages of documents, taken numerous depositions, and prepared and responded to multiple motions.  Class Counsel and Defendants have engaged in arms-length negotiations through two days of mediation under the supervision of court appointed mediator Chief United States Magistrate Judge Susan Russ Walker which resulted in an agreement to settle the claims against Defendants for $1,300,000.00 as set forth in the Settlement Agreement, dated October 23, 2012.  At the time of the mediation, the court had not ruled on pending Motions for Summary Judgment or the Motion to certify the case as a Class Action. In agreeing to the Settlement, Representative Plaintiffs and Class Counsel considered the risks of continued litigation, including lengthy appeals against Defendants and the likelihood of success, balanced against the substantial benefits to the Settlement Class which would accrue as a result of the proposed Settlement.  Representative Plaintiffs, on advice of Class Counsel, have concluded that the proposed Settlement of the claims against Defendants is fair, reasonable and adequate and in the best interest of the Settlement Class.

## WHAT ARE THE TERMS OF THE PROPOSED SETTLEMENT?

Under the terms of the Settlement, Class Counsel proposes and the Court has preliminarily approved a Settlement Fund, when the Settlement becomes Effective, in the amount of $350,000.00 for the benefit of the Settlement Class. Each Settlement Class member will be paid approximately $1,331.45 (this amount could change slightly based upon the incorrect inclusion or omission of possible class members) in full settlement of any and all claims that were asserted or could be asserted in the Litigation. If there are any funds remaining in the Settlement Fund after all payments to Class Members, the remaining funds will be returned to Defendants.  A complete copy of the Settlement Agreement signed by Representative Plaintiffs and Defendants is on file with Office of the Clerk of Court, U.S. District Court, One Church Street, Montgomery, AL 36104, and is available for review during normal business hours.

## WHAT IS THE VALUE OF THE SETTLEMENT?

COBRA/ARRA provides that when a plaintiff establishes a violation, whether as an individual or class member, such as wrong information as to the amount of the ARRA premium subsidy, then a statutory penalty may be assessed by the Court as damages and any such award of a penalty is discretionary. Additionally, if successful, a plaintiff can also recover as damages unreimbursed medical expenses that would be covered by the insurance plan. The Defendants have denied liability in this case and there is no guarantee that damages of any kind much less in excess of the agreed settlement amount would be recovered or could be collected. For further details regarding the value of this settlement, you can review the Settlement Agreement.

## WHAT ARE THE BENEFITS TO THE CLASS?

The attorneys for the class believe that this settlement is fair, reasonable, and in the best interest of the class. The attorneys for the Settlement Class believe that it is appropriate to forego the speculative possibility of recovering a larger damage award for the prompt and immediate payment of the amount negotiated. Further, the Settlement avoids the uncertainties and costs of further litigation and any future trial. Settlement Class Members will be eligible to get compensation soon rather than after the time it would take to resolve the pending motions, have a trial and exhaust all appeals. Finally, another important benefit of this Settlement is that it will provide notice to those Settlement Class members who may have incurred medical expenses in excess of the agreed settlement amount and wish to pursue their own individual lawsuit (as explained in the section, What Are My Options). Without the benefit of this Settlement, these Settlement Class Members would otherwise not be made aware of the potential claims they could pursue for certain incurred medical expenses.

## NO ADMISSION OF LIABILITY

By settling this Litigation, Defendants are not admitting that they have done anything wrong and instead continue to deny any liability. Defendants have agreed to settle the case solely to avoid the burden, expense, uncertainty and risk of further litigation.

## CORRECT ADDRESS

If this notification was forwarded by the Postal Service, or if it was otherwise sent to you at an address which is not current, you should immediately send a letter to the Third Party Administrator, First Class, Inc. stating your past and current addresses and referencing the Hornsby Litigation. The address is as follows:

First Class, Inc.
5410 W. Roosevelt Road, Suite 222
Chicago, IL 60644-1479

## RELEASE

Settlement Class Members who do not opt out (opting out is described below, in the section entitled *What Are My Options?*) shall be deemed to release Defendants from all claims arising out of or in connection with the Litigation. The terms of the release ("Release") are set forth in the Settlement Agreement which is on file with the Court and available for your review. When the settlement is approved and becomes final, Settlement Class Members will be deemed to have entered into this Release. This will limit your ability to bring any individual lawsuits against Defendants regarding the alleged failure by Defendants to send out proper COBRA/ARRA Notices.

## WHAT ARE MY OPTIONS?

**a. *Accept the Settlement*.**   If you are a Settlement Class Member and you are satisfied with the Settlement terms, and the Court approves the Settlement, you will receive a check in the amount of approximately $1,331.45. Remaining as a Settlement Class Member will not obligate you personally to pay any out-of-pocket costs or attorneys' fees and expenses. If you remain as a Settlement Class Member, you will continue to be represented by the Representative Plaintiffs (i.e. Class Representatives), and Class Counsel. However, **IN ORDER TO RECEIVE THE SETTLEMENT PAYMENT THAT YOU ARE ENTITLED TO, YOU MUST COMPLETE AND SIGN THE ENCLOSED "*CLAIM FORM*" AND RETURN IT TO:**

First Class, Inc.
5410 W. Roosevelt Road, Suite 222
Chicago, IL 60644-1479

**b. *Object to the Settlement*.**   "Objector" shall mean any member of the Settlement Class who wishes to object to object to the fairness,  reasonableness, or adequacy of the settlement; to the plan of allocation; to any term of the Agreement of Settlement; to the proposed case contribution awards; or to the proposed award of attorney's fees and expenses. Any objector must file with the court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the court's attention or introduce in support of such objection. The objector must also mail the objection and all supporting law and/or evidence to counsel for the parties.

The addresses for filing objections with the court and service on counsel are as follows:

- 3 -

1.  Court.
    Clerk of the U.S. District Court Middle District of Alabama
    One Church Street
    Montgomery, AL 36104

2.  Plaintiffs' Counsel.
    Philip Dale Segrest, Esq.
    John Michael Segrest, Esq.
    The Segrest Law Firm
    P.O. Box 780791
    Tallassee, AL 36078

    Robert S. Thompson, Esq.
    Robert Simms Thompson, P.C.
    P.O. Box 830780
    Tuskegee, AL 36083

    James B. Perrine, Esq.
    Bailey & Glasser, LLP
    201 Monroe Street, Suite 2170
    Montgomery, AL 36104

    David P. Martin, Esq.
    Ariel S. Blocker, Esq.
    Jason E. Burgett, Esq.
    The Martin Law Group, LLC
    P.O. Box 20087
    Tuscaloosa, AL 35402

    David Lewis Selby II, Esq.
    Bailey & Glasser, LLP
    One Chase Corporate Center, Suite 400
    Birmingham , AL 35244-7001

    Defendants' Counsel.
    Patrick L. W. Sefton, Esq.
    Robert E. Sasser, Esq.
    R. Brian Tipton, Esq.
    Sasser, Sefton, Brown, Tipton & Davis, P.C.
    P.O. Box 242127
    Montgomery, AL 36124-2127

    Fred D. Gray, Esq.
    Stanley F. Gray, Esq.
    Gray, Langford, Sapp, McGowan, Gray & Nathanson
    P.O. Box 830239
    Tuskegee, AL 36083-0239

The objector, or, if represented by counsel, his, her, or its counsel, must both effect service of the objection on counsel listed above and file the objection with the court at least 14 calendar days prior to the fairness hearing, that is, by _____, 2013. Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the settlement and any untimely objection shall be barred.  Any objector who files and serves a timely, written objection may also appear at the fairness hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the fairness hearing must effect service of a "Notice of Intention to Appear" setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on counsel identified above and file it with the court at least 30 calendar days prior to the fairness hearing, that is, by _____, 2013. Any objector who does not timely file and serve a "Notice of Intention to Appear" in accordance with this paragraph shall not be permitted to appear at the fairness hearing, except for good cause shown.

- 4 -

**c.** *Ask to be Excluded from the Settlement*.   If you are not satisfied with the Settlement, and you do not want to participate in the Settlement, you have the right to exclude yourself or "opt out" from the Settlement. If you opt out, you will NOT receive a check or any other relief from this Settlement. You may then be able to bring any claims you may have against Defendants in a separate lawsuit and at your own expense, depending upon which opt out option you choose as outlined below. As an "opt out," you have no assurances that you will prevail in your claims against Defendants. If you exercise your right to be excluded from the Settlement Class, you will not be granted an opportunity to object or otherwise comment on the Settlement, the Settlement Agreement, Class Counsel's requests for attorneys' fees and costs and for payment to the Representative Plaintiffs, or any other proceedings in this Litigation related to the Settlement of the claims against Defendants.  You have Two options when making the decision to be excluded from the Settlement. The two options are listed on the enclosed "*Opt Out Notice*" and are described as follows.

<u>Option One:</u>          You choose, for whatever reason, that you simply do not wish to be involved in this lawsuit and are willing to give up your right to receive payment of $1,331.45, and by doing so, you waive any rights which you have to bring future claims related to the claims alleged in this Litigation; or

<u>Option Two:</u>          If you have incurred medical expenses or special damages related to the conduct of Defendants as described in this Litigation and as a result, you have damages in excess of the settlement amount (i.e. $1,331.45), then you can bring your own cause of action for those damages. By choosing this option, you will be responsible for hiring your own Attorney, at your expense, establishing liability, and proving your damages before the appropriate Court or Arbitrator. If you choose this option, you are permanently waiving all rights to the $1,331.45 payment, even if you are unsuccessful in your individual lawsuit and receive nothing as a result of filing your own claim.

Please note. It is IMPORTANT to understand that in order to be excluded from the Settlement you must fully complete the enclosed "*Opt Out Notice*" and select either <u>Option One</u> or <u>Option Two</u> as listed on the Notice. The *Opt Out Notice* must be sent first-class mail, postmarked no later than_____.   The completed *Opt Out Notice* must be sent to the Third Party Administrator, at the following address:

<u>Third Party Administrator</u>
First Class, Inc.
5410 W. Roosevelt Road, Suite 222
Chicago, IL 60644-1479

### PLAN OF DISTRIBUTION OF THE SETTLEMENT PROCEEDS

The Settlement, if and when finally approved by the Court and not subject to appeal, will provide funds out of which members of the Settlement Class will receive payment as follows:

Each eligible member of the Settlement Class shall receive a check in the approximate amount of $1,331.45 representing their share of the Settlement Fund upon submission of the enclosed claim form to the Third Party Administrator and acceptance by the Third Party Administrator.  The Settlement checks will be valid for (90) days commencing from the date the check is issued by The Third Party Administrator. The settlement checks will be available for distribution for a period of 6 months from the date of the effective date of the Settlement ("Payment Period"). Class Counsel will petition the court to compensate The "Representative Plaintiffs", as listed above, to receive a class service enhancement of $2,200 to compensate them for their time and efforts in bringing this Litigation.

The funds for any member of the Settlement Class who cannot be located, and Settlement checks returned by the United States Postal Service for insufficient address or any other reason, shall be held by under the direction of class counsel in the Settlement Fund and available to be claimed by that member during the Payment Period of 6 months from the date of the effective date of this Settlement. In order to receive such checks from Class Counsel, the Settlement Class member claiming to be entitled to the check must produce documentation sufficient to demonstrate to Class Counsel his or her identity.

Members of the Settlement Class who not receive their Settlement checks for whatever reason or fail to cash their Settlement checks during the Payment Period: (i) shall be ineligible to share in the Settlement Fund, and (ii) shall be bound by any judgment entered in this Litigation.  At the conclusion of six (6) months from the date of the effective date of this settlement, any remaining funds will be returned to Defendants.

- 5 -

## ATTORNEY FEES AND EXPENSES AND CLASS ADMINISTRATION COSTS

Class Counsel will petition the court for an award of attorneys' fees and expenses from a separate Administrative Fund, in an amount that will be awarded by the Court as part of the final approval of Settlement. Class Counsel has agreed not to request more than $950,000.  Payment of attorneys' fees and costs will be separate from and in addition to the Settlement amounts paid to Settlement Class Members and will not reduce the Settlement Fund and/or payments to the Settlement Class Members. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. Based on hourly rates, the amount paid as attorney's fees from the $950,000 administrative fund compensates class counsel solely for the time they have worked on this case. Although Class Counsel is seeking standard hourly rates, they undertook this case on a purely contingent basis, with no certainty of payment. In addition, Class Counsel negotiated the settlement for the class before discussing with Defendants the amount of fees they would seek. In addition, no attorney fees or expenses are payable unless the Court finds them reasonable.

For purposes of Settlement, all the costs associated with administration of the class, including, but not limited to, all services rendered by the Third Party Administrator, will be paid as part of the Settlement, but will be paid by Class Counsel from the administrative fund and will become an expense for which Class Counsel will be reimbursed. None of the Class Administration expenses will be deducted from the Settlement Fund. In no event shall Defendants be liable for any amounts in excess of $1,300,000.00

## HEARING ON THE SETTLEMENT

The Court will hold a hearing (the "Final Approval Hearing") before the Honorable Myron H. Thompson, Courtroom __, U.S. District Court, One Church Street, Montgomery, AL 36104 on _____, 2012, at _____ to determine whether the proposed Settlement should be approved as fair, adequate and reasonable and to review the service awards to the Representative Plaintiffs and the amount of attorneys' fees and expenses that should be awarded to Class Counsel. The hearing may be continued without further notice. It is not necessary for you to appear at the hearing.  However, you have the right to appear at the hearing with or without legal counsel.  You will be responsible for the fees and expenses of any attorney you retain to attend the hearing.

## ADDITIONAL INFORMATION

The pleadings and other records in this Litigation, including copies of the Settlement Agreement, may be examined any time during regular office hours at the Office of the Clerk of Court, U.S. District Court, One Church Street, Montgomery, AL 36104. If you need other information, you should write to Class Counsel at: The Segrest Law Firm, 301 King Street, Tallassee, AL, 36078. You may also call Class Counsel, Mike Segrest, at 334-252-0036.  *Do Not Call The Court Or The Clerk Or The Defendants*.

## CLASS NOTICE OPT OUT SELECTION FORM
### *IMPORTANT*
### If you DO NOT wish to participate in the settlement, select ONE Of the Two Options and Follow the Instructions Below . Failure to do so may result in your forfeiting your rights. CHOOSE ONLY ONE

☐ **OPTION 1**

*Opt-Out Provision #1* -- (Do not participate) - I do **NOT** wish to participate in this lawsuit against Macon County Greyhound Park ("VictoryLand"). By selecting this option, I understand that I am waiving my rights to bring any future action as described in detail in the ATTACHMENT TO NOTICE OF CLASS ACTION SETTLEMENT TERMS OF RELEASE. I also understand that I am waiving (giving up) my claim to the $1,331.45 settlement benefit that is being held in trust to be paid to settlement class members.  I understand that after making this selection I cannot come back later and select another option.

Print Your Name: _____ Your Signature: _____
Your Telephone Number: _____

*If you choose Option 1, please print and sign your name and provide your telephone number.  Return this form in the pre-addressed, stamped envelope provided for your convenience. You need not take any further action.*

☐ **OPTION 2**

*Opt-Out Provision #2* --  (Bring your own Lawsuit) -  I do **NOT** wish to participate in this lawsuit against Macon County Greyhound Park ("VictoryLand") and thereby waive all present and future claims to the settlement benefit amount of $1,331.45. By selecting this option I certify that I have special damages in excess of the settlement claim amount of $1,331.45 and I intend to bring my own lawsuit. (In order to choose this option you must have special damages in excess of the settlement claim amount.) I agree to send a letter stating the facts related to, as well as conclusive evidence of, my special damages, to the Attorneys for VictoryLand and the Notice Administrator. This letter must be postmarked prior to December 1, 2012.  Furthermore, I understand that I will be responsible for retaining my own Attorney and all Attorneys' fees, costs, and expenses in prosecuting my personal action will be at my personal expense and that the Attorneys appointed by the Court (Class Counsel) will not be representing me or assisting me in the prosecution of my case. I understand that it will be my responsibility to prove liability, that there has been no judicial determination of liability, VictoryLand denies liability, and if I am unable to prove liability in the appropriate Court of Law there no award for damages, including special damages that I may have incurred.

Print Your Name: _____ Your Signature: _____
Your Telephone Number: _____

*If you choose Option 2, please print and sign your name and provide your telephone number.  Return this form in the pre-addressed, stamped envelope provided for your convenience. You must then send your letter, detailing your special damages, postmarked no later than December 1, 2012, to all of the following:*

First Class, Inc.
Class Action Administration
5410 W. Roosevelt Road, Suite 222
Chicago, IL 60644-1479

Patrick L. W. Sefton, Esq.
Sasser, Sefton, Tipton & Davis, P.C.
P.O. Box 242127
Montgomery, AL 36124-2127 and

Fred D. Gray, Esq.
Gray, Langford, Sapp, McGowan, Gray & Nathanson
P.O. Box 830239
Tuskegee, AL  36083

Lawyers for VictoryLand

## CLASS NOTICE CLAIM FORM
### *IMPORTANT*
### If you wish to participate in the settlement, and receive a settlement in the amount of $1,331.45, you must complete the following form and return it to the address indicated below.

By signing below, I affirm that I am a former employee of Macon County Greyhound Park, Inc. who was laid off in January or February 2010 and that I was covered by the Macon County Greyhound Park, Inc.'s Blue Cross and Blue Shield group health insurance plan.  I affirm my belief that I did not receive adequate COBRA/ARRA notification following my layoff and that I was not rehired by Macon County Greyhound Park, Inc., following my layoff.  I understand that if the above statements are true and I wish to participate in the class action settlement, I must provide the requested information and return this Claim Form to First Class, Inc., 5410 West Roosevelt Road, Suite 222, Chicago, Illinois 60644-1479.  If the settlement is approved by the Court, I will receive a payment in the amount of approximately $1,331.45. (This amount could change slightly based upon the incorrect inclusion or omission of possible class members.)

I swear and affirm that I am not currently in bankruptcy and that I understand that I am responsible for payment of any and all taxes from the class action settlement.

_____

Name – **PLEASE PRINT**

**Date of Birth**: _____

**CURRENT ADDRESS:**

_____

Street Address

_____

Post Office Box # (if applicable)

_____

City          State          Zip

_____

Name – **SIGNATURE**

**Social Security No.**: _____

**CURRENT TELEPHONE(S):**

Home:  _____

Work:  _____

Cell:  _____

Email Address:

_____

First Class, Inc.
Class Action Administration
5410 W. Roosevelt Road, Suite 222
Chicago, IL 60644-1479

EXHIBIT C
To
EXHIBIT 1 – Settlement Agreement
**RELEASE**

# RELEASE

1.       Upon the Effective Date, and for valuable consideration as recited in the Settlement Agreement, Plaintiffs and Settlement Class Members forever release and discharge all claims against the Released Parties. Notwithstanding the definition of "Released Claims" below, Settlement Class Members and named Plaintiffs release and discharge the right to file an individual lawsuit or to participate in any class action lawsuit  related to their participation in the Macon County Greyhound  Park Blue Cross Blue Shield group health benefit plan including but not limited to any claim seeking  to recover for any statutory or special damages that may have been caused by or related to inadequate or improper COBRA notices as well as any and all claims asserted or that could have been asserted in that certain litigation styled Hornsby et al v. Macon County Greyhound Park, Inc. Civil Action No. 3:10-CV680 (the "Litigation").

2.       Named Plaintiffs and Settlement Class Members, who do not "opt out"of the Settlement Class as defined in the Class Notice and separate Settlement Agreement, agree and acknowledge that they are permanently barred and enjoined from seeking to pursue now or, in the future, any claims against the Released Parties that were or could have been brought in the Litigation (and that are not otherwise released and discharged by the Settlement Agreement)

3.       "Released Claims" are all legal and equitable Claims that have been brought, could have been brought, are currently pending, or are ever brought in the future, by any Settlement Class Member against Released Parties, in any forum in the United States (including their territories and Puerto Rico), whether known or unknown, asserted or unasserted, under or pursuant to any statue, regulation or common law, that relate in any way to their participation in the Blue Cross Blue Shield health benefit plan including but not limited to any contention about alleged inadequate COBRA/ARRA notices, notifying Settlement Class Members and plaintiffs of their eligibility to COBRA coverage and the ARRA discount, and all legal and equitable claims for any damages or injuries, of whatever type or description arising or that may have arisen as a result of, or relate in any way to any of the facts, acts, events, occurrences, courses of conduct, representations, omissions, circumstances or other matters referenced in any claim raised in this Litigation at any time.

4.       "Released Parties" means Macon County Greyhound Park, Inc. (aka "Victoryland" and McGregor Enterprises), and Milton E. McGregor, as well as their respective predecessors, successors, heirs and assigns, the present and former, direct and indirect, parents, subsidiaries, divisions, corporate affiliates, or associates of any of the above; and the present and former members, principals, partners, officers, directors, trustees, control persons, employees, agents, attorneys, shareholders, advisors, insurers and representatives of the above, and any and all entities and individuals that  are alleged to have had any responsibility for producing and sending COBRA/ARRA notices to the proposed settlement class and named Plaintiffs and for administering the Blue Cross health benefit plan.

5.     "Effective Date" means the date on which all appellate rights with respect to the Final Approval Order and Judgment have expired or have been exhausted in such a manner as to affirm the Final Approval Order and Judgment, and when no further appeals are possible, including review by the United States Supreme Court.

6.     Plaintiffs acknowledge that they enter into this Release voluntarily and have sought and received advice of counsel prior to settling the case and affirm and verify their opinion that the settlement is in their best interests and in the best interests of the Settlement Class Members.

7.     Plaintiffs recognize Defendants deny any and all liability and wrongdoing for any allegations made against them by Plaintiffs.  Plaintiffs acknowledge the payment pursuant to this Release is not an admission of liability or of any wrongdoing, but rather, is made by Defendants in order to resolve the above-mentioned civil action and avoid the time, expense, burden, costs and uncertainties of further litigation.

8.     Plaintiffs represent, warrant and agree that they are not relying on the advice of Defendants or anyone associated with Defendants, including legal counsel for or any insurer for Defendants, as to any tax consequences of any kind arising out of this Release.  Any tax obligations which may arise from this Release are Plaintiffs' sole obligation and Plaintiffs hereby agree to indemnify and hold harmless Defendants (and all of Defendants' officers, directors, employees, agents, successors, assigns, shareholders, owners, purchasers, sellers, parents, subsidiaries and affiliate corporations) from any and all taxes, interest, penalties or the like which may be asserted against Plaintiffs by any taxing authority as a result of this Release.

9.     Plaintiffs expressly represent and warrant they have not in any way transferred, assigned, conveyed, mortgaged or granted any security interest in their claims against Defendants which are being unconditionally released pursuant to this Release.  Plaintiffs hereby agree to indemnify and hold harmless Defendants (and all of Defendants' officers, directors, employees, agents, successors, assigns, shareholders, owners, purchasers, sellers, parents, subsidiaries and affiliate corporations) from any and all claims by any Party that it is the owner (in whole or in part) of any and all claims Plaintiffs have unconditionally released pursuant to this Release.

10.     This Release shall be construed in its entirety and according to its plain meaning. Plaintiffs and Defendants hereby agree that this Release shall be construed as a product of negotiations at arms length between equally sophisticated persons advised by counsel and shall not be construed against the Party who provided or drafted the Release.

11.     This Release shall be construed and enforced pursuant to the laws of the State of Alabama.

12.     This Release may be executed in two or more counterparts, each of which shall be deemed an original.

13.     Each provision of this Release is intended to be severable.  If any court of competent jurisdiction determines that any provision or part of this Release is invalid, illegal or unenforceable in any respect, it shall be severed and the remainder of the Release shall remain in full force and effect.

EXHIBIT D
To
EXHIBIT 1 – Settlement Agreement
**PROPOSED FINAL JUDGMENT**

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

LUCRETIA HORNSBY,
ANMARIE  YOUNG, PRESTON
YOUNG, REBECCA DEAN,
DAWN HAMMOCK, CELINA
JORDAN, TABITHA ARLEDGE,
ERICA MILLER, OCIE BUTLER,
and DARRELL THOMAS, on behalf
of themselves and all others similarly
situated,

               *Plaintiffs*,

    v.

MACON COUNTY GREYHOUND
PARK, INC., MILTON
McGREGOR, McGREGOR
ENTERPRISES, and
VICTORYLAND,

               *Defendants*.

Case No. 3:10-CV-680-MHT
**CLASS ACTION**

## FINAL JUDGMENT

This action came before the Court for a final fairness hearing held on the

_____ day of _____, 2013, on a proposed settlement (the "Settlement") of

this class action (the "Action") preliminarily certified for settlement purposes only,

and the issues having been duly heard and a decision having been duly rendered,

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for

Final Approval of Proposed Settlement (Doc. No. ____)  and the Motion for Awards

of Class Representatives' Fees and for the Award of Attorneys' Fees and Expenses (Docs. No. _____ and _____) are granted as follows:

To the extent not otherwise defined herein, all terms shall have the same meaning as used in the *Settlement Agreement* (Doc. No. 188-1) executed on the 23rd day of October, 2012. ("the Agreement").

The Court has jurisdiction over the subject matter of this action and over all parties to this action, including all members of the Settlement Class.

The Court hereby approves and confirms the Settlement embodied in the Agreement as being a fair, reasonable, and adequate settlement and compromise of this action, adopts the Agreement as its judgment and orders that the Settlement shall be effective, binding, and enforced according to its terms and conditions.

The Court determines that the Plaintiffs have asserted claims on behalf themselves and all members of the Settlement Class to recover damages, including but not limited to the statutory damages provided by the Employee Retirement Income Security Act of 1974 as amended, 29 U.S.C.  §§ 1001-1461 ("ERISA") for alleged failure to give appropriate notices concerning Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") that complied with the American Recovery and Reinvestment Act of 2009 ("ARRA"). Defendant's have generally denied Plaintiff's allegations.

The Court determines that the Settlement, which will include the total

payment of One Million Three Hundred Thousand ($1,300,000.00) Dollars by the Defendants, $350,000 of which is for statutory damages, to be paid to the Class Representatives and Class Members, has been negotiated vigorously and at arms' length by Class Counsel and Defense Counsel and further finds that at all times, Plaintiffs have acted independently and that their interests are identical to the interests of the Settlement Class. The Court finds that the Plaintiffs and Defendants have vigorously litigated numerous issues. The Court finds that the concerns of Class Counsel that the Defendants may be unable to pay any larger recovery in the future is reasonable, given the present circumstances of the Defendants. Furthermore, Plaintiffs appropriately recognize that there is no guarantee of success in the litigation and that a settlement is preferable to further protracted litigation including possible appeals. The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

The Court determines that the Class Notice transmitted to the Settlement Class pursuant to the Preliminary Approval Order concerning the Settlement and other matters set forth therein is the best notice practicable under the circumstances and included individual notice to all members of the Settlement Class who could be identified through reasonable efforts. Such Class Notice provides valid, due, and sufficient notice of these proceedings and of the matters set forth therein,

3

including the Settlement, to all persons entitled to such Class Notice; and such

Class Notice fully satisfies the requirements of the *Federal Rules of Civil*

*Procedure* 23 and the requirements of due process.

The Court hereby approves the maintenance of the action as an opt-out class

action pursuant to the *Federal Rules of Civil Procedure* 23(b)(3) with the Class

being defined as:

> All former employees of Macon County Greyhound Park (d/b/a Victoryland and McGregor Enterprises)("MCGP")who participated in a group health insurance plan with BlueCross BlueShield of Alabama that was provided by MCGP in this action for employees of MCGP, including employees who signed an arbitration agreement as a condition to employment, and who were laid off from employmentat MCGP in January and February of 2010 and who were not subsequently re-hired by MCGP.

Pursuant to *Federal Rules of Civil Procedure* 23(g), the Court hereby

confirms its prior appointment of Class Counsel as follows:  Attorneys Philip Dale

Segrest, John Michael Segrest, Robert S. Thompson, David P. Martin, David L.

Selby II, and James B. Perrine.

Based on the Settlement, the Court hereby dismisses the Complaint and the

action against the Defendants, with prejudice, on the merits.

As of the date of complete settlement approval and payment of the

settlement amount, Plaintiffs and each member of the Settlement Class who have

not opted out in accordance with the Settlement Agreement and Class Notice, on

their own behalf, shall be deemed to have released each and all of the Defendants

from the released claims.

As of the date of complete settlement approval and payment of the settlement amounts, Defendants, including all persons, firms, and corporations who might otherwise be entitled to claim through them, shall be deemed to have released the Plaintiff Released Parties from any claims that may have arisen out of this action. As of the date of complete settlement approval and payment of settlement amounts, Plaintiffs and Settlement Class Members shall be deemed to have released the Defendants from any claims that may have arisen out of this action.

As of the date of Complete Settlement Approval, and payment of the Settlement Amount, all Release provisions shall be given full force and effect in accordance with each and all of their express terms and provisions, including those terms and provisions relating to unknown, unsuspected, or future claims, demands, or causes of action. Further, Defendants and Plaintiffs, for themselves, and on behalf of the Settlement Class, assume the risk of any subsequent discovery of any matter, fact, or law, that, if now known or understood, would in any respect have affected or could have affected any such Person's entering into the Agreement.

The Court further determines that Defendants have fully complied with the notice requirements of the Class Action Fairness Act of 2005, to the extent possible.

Plaintiffs and all members of the Settlement Class, other than those who have opted out pursuant to the Settlement Agreement and Class Notice, are hereby barred and enjoined from the institution and prosecution, either directly or indirectly, of any other actions in any court asserting any and all Released Claims against any and all Released Parties as described in the Release.

The litigation expenses incurred by Class Counsel in the course of prosecuting this action are reasonable.  Accordingly, Class Counsel is awarded expenses in the amount of $_____, to be paid from the Administration Fund.

The attorneys fees sought by Class Counsel in the amount of $_____ are reasonable in light of the successful results achieved by Class Counsel, the monetary benefits obtained in this Action, the substantial risk associated with the Action, Class Counsel's skill and experience in class action litigation of this type, and the fee awards in comparable cases.  Accordingly, Class Counsel is awarded attorneys' fees in the amount of $_____, to be paid from the Administrative Fund.

The named Plaintiffs are hereby awarded enhancement awards in the amount of $2,200 each and shall be paid from the Settlement Fund of $350,000. To the extent any funds remain in the Settlement Fund after all distributions are complete, Plaintiffs' counsel are directed to refund any excess fund to the Defendants.

6

Without affecting the finality of this Judgment, the Court retains jurisdiction for purposes of implementing the Agreement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Agreement and Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

This case is closed.

DONE this _____ day of _____, 20_____.


_/s/ Myron H. Thompson_____
UNITED STATES DISTRICT JUDGE