IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA EASTERN DIVISION

| | |
|---|---|
| LUCRETIA HORNSBY, ANMARIE YOUNG, PRESTON YOUNG, DAWN HAMMOCK, CELINA JORDAN, TABITHA ARLEDGE, ERICA MILLER, OCIE BUTLER, and DARRELL THOMAS, on behalf of themselves and all others similarly situated,<br><br>            *Plaintiffs*,<br><br>  v.<br><br>MACON COUNTY GREYHOUND PARK, INC., MILTON McGREGOR, McGREGOR ENTERPRISES, and VICTORYLAND,<br><br>            *Defendants*. | Case No. 3:10-CV-680-MHT<br>**CLASS ACTION**<br>(WO) |

## OPINION AND ORDER

Before the court is the parties' Joint Motion for Preliminary Approval of Settlement Agreement and Certification of Settlement Class [Doc No.188] that includes a request for approval of the Settlement Agreement certification of a "settlement class," approval of a notice plan, and setting of a fairness hearing. In this putative class action, named-plaintiffs Lucretia Hornsby, Anmarie Young, Preston Young, Dawn Hammock, Celina Jordan, Tabitha Arledge, Erica Miller, Ocie Butler, and Darrell Thomas asserted claims for damages under the

Employee Retirement Income Security Act of 1974, 290 S.C. § 1001-1461 for alleged violations of the Comprehensive Omnibus Budget Reconcilation Act ("COBRA"), 29 USC § 1166 as amended by the American Recovery and Reinvestment Act ("ARRA") Act Pub. L. 111-5, Div. B, Title III § 3001, 123 Stat. 462, with respect to the Macon County Greyhound Park Blue Cross and Blue Shield ("BCBS") health insurance plan against defendants Macon County Greyhound Park, Inc. (doing business as Victoryland and McGregor Enterprises) and Milton McGregor. The terms of the settlement are set out in a Settlement Agreement (Doc. No. 188-1)executed on October 23, 2012, which has been properly executed by or on behalf of the named parties. Pursuant to 29 U.S.C. § 1132, the court has jurisdiction over the subject matter of this action and over all parties to this action, including all members of the settlement class. It is ORDERED that the Joint Motion for Preliminary Approval of Settlement Agreement, including certification of a settlement class, approval of a notice plan, and setting of a fairness hearing (Doc. No. 188) is granted as follows:

## I. CLASS FINDINGS AND CERTIFICATION

The court preliminarily finds, for purposes of the settlement only, that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the settlement class, in that:

(a) The settlement class is ascertainable from records kept by MCGP and the members of the settlement class are so numerous that their joinder before the court would be impracticable.

(b) Based on allegations in the plaintiffs' complaint, and examination of the legal claims and facts necessary to prove them, the court preliminarily finds that there are one or more questions of fact and/or law common to the settlement class.

(c) Based on allegations in the plaintiffs' complaint and otherwise supported in the record, the court preliminarily finds that the defendants engaged in uniform conduct affecting members of the settlement class. The court further finds that the plaintiffs' claims and their alleged legal injuries are typical of the claims and injuries of the settlement class.

(d) The plaintiffs will fairly and adequately protect the interests of the settlement class in that: (i) the interests of the plaintiffs and the nature of their alleged claims are consistent with those of the members of the settlement class; (ii) there are no significant conflicts between or among the plaintiffs and the settlement class; and (iii) the plaintiffs are represented by qualified and reputable counsel who are experienced in preparing and prosecuting class actions of this type.

(e) The prosecution of separate actions by individual members of the settlement class would create a risk of: (i) inconsistent or varying adjudications as to individual class members, that would establish incompatible standards of conduct for the parties opposing the claims asserted in the action; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests.

Based on these findings, therefore, the court preliminarily certifies the following settlement class under Federal Rule of Civil Procedure 23(b)(3):

> All former employees of Macon County Greyhound Park (d/b/a Victoryland and McGregor Enterprises)("MCGP") who participated in

a group health insurance plan with BlueCross BlueShield of Alabama that was provided by MCGP in this action for employees of MCGP, including employees who signed an arbitration agreement as a condition to employment, and who were laid off from employment at MCGP in January and February of 2010 and who were not subsequently re-hired by MCGP.

The court finds that the settlement class is sufficiently well-defined and cohesive to warrant certification as a class under Rule 23(a) and 23(b)(3) for settlement purposes only.

As required by Rule 23(g), the court has considered: (i) the work class counsel has done in identifying or investigating potential claims in this action; (ii) class counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this action; (iii) class counsel's knowledge of the applicable law; and (iv) the time and resources class counsel have committed to representing the class. Based on these factors, the court finds that class counsel have and will continue to represent fairly and adequately the interests of the settlement class.

Accordingly, pursuant to Federal Rule of Civil Procedure 23(g)(2) the court preliminarily designates The Segrest Law Firm, Robert Simms Thompson, P.C., Bailey & Glasser, LLP, The Martin Law Group, LLC, as co-lead class counsel with respect to the settlement class in this action.

As mentioned, the court finds that the named plaintiffs are adequate and typical class representatives for the settlement class and, therefore, appoints these plaintiffs as the representatives of the settlement class.

The court having determined preliminarily that this action may proceed as a class action for settlement purposes only under Fed. R. Civ. P. 23(a) and 23(b) (3), members of the settlement class that do not opt out for purposes of bringing their own lawsuit shall be bound by any judgment concerning the settlement in this action, subject to the court's final determination as to whether this action may so proceed.

## II. PRELIMINARY APPROVAL OF SETTLEMENT

The settlement documented in the Settlement Agreement (Doc. No. 188-1) is preliminarily approved, as the court preliminarily finds that: (a) the proposed settlement resulted from arm's-length negotiations and was mediated by Chief United States Magistrate Judge Susan Walker; (b) the Settlement Agreement was executed only after class counsel had researched and investigated multiple legal and factual issues pertaining to the plaintiffs' claims; (c) there is a genuine controversy between the parties involving the defendants' compliance with the law; (d) the settlement appears on its face to be fair, reasonable, and adequate; and (e) the settlement evidenced by the Settlement Agreement

is sufficiently fair, reasonable, and adequate to warrant sending notice of the action, and its settlement, to the settlement class.

## A. Fairness Hearing

A fairness hearing, pursuant to Fed. R. Civ. P. 23(e), is scheduled to be held before the court on April 22, 2013 at 10:00 a.m. at the United States Courthouse, Frank M. Johnson, Jr. U.S. Courthouse Complex, One Church Street, Montgomery, Alabama 36104, to determine finally, among other things:

(a) Whether the settlement should be approved as fair, reasonable, and adequate;

(b) Whether the settlement class satisfies the requirements of Fed. R. Civ. P. 23 and should be finally certified as preliminarily found by the court;

(c) Whether the litigation should be dismissed with prejudice pursuant to the terms of the Agreement of Settlement;

(d) Whether the final approval order attached to the Agreement should be entered and whether the releasees should be released of and from the released claims, as provided in the Agreement;

(e) Whether the notice and notice methodology implemented pursuant to the Agreement (i) were reasonably calculated, under the circumstances, to apprise members of the settlement class of,

the pendency of the litigation, their right to object to the settlement, and their right to appear at the fairness hearing; (ii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iii) met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

(f) Whether class counsel adequately represents the settlement class for purposes of entering into and implementing the Agreement as required by Fed. R. Civ. P. 23(g) and as preliminarily found by the court;

(g) Whether the proposed method of allocation of the settlement is fair, reasonable, and adequate and should be approved by the court;

(h) Whether the settlement has been negotiated at arm's length by class counsel on behalf of the plan and the settlement class, whether the plaintiffs have acted independently, whether the plaintiffs'

> interests are identical to the interests of the plan and the settlement class;
>
> (i) Whether the application for attorneys' fees and expenses to be filed by class counsel should be approved;
>
> (j) Whether case service awards should be awarded to the plaintiffs; and
>
> (k) Any other issues necessary for approval of the settlement.

### B. Class Notice

The parties have presented to the court a proposed Class Notice (Exhibit B to doc. No. 188-1), consisting of a mailed notice which is appended hereto as exhibit A. The court approves the form and content of the Class Notice, finding that it fairly and adequately: (1) describes the terms and effect of the Agreement and of the settlement; (2) gives notice to the settlement class of the time and place of the fairness hearing; and (3) describes how the recipients of the class notice may object to approval of the settlement.

The parties have proposed the following manner of communicating the notice to members of the settlement class, and the court finds that such proposed manner is adequate and directs that the plaintiffs shall:

(a) By no later than 14 days from the date of this Order, cause the mailed notice, with such non-substantive modifications thereto as may be agreed upon by the parties, to be disseminated pursuant to the Agreement, to the last known address of each member of the settlement class who can be identified by reasonable effort. At or before the fairness hearing, class counsel shall file with the court a proof of timely compliance with the foregoing mailing requirements.

The defendants shall, no later than 30 days prior to the date of final hearing, file with the court proof of compliance with the Class Action Fairness Act of 2005, as specified in 28 U.S.C. § 1715 and Paragraph 11 of the Settlement Agreement.

Reasonable expenses of effecting class notice shall be paid out of the settlement fund.

### C. Objections to Settlement

"Objector" shall mean any member of the settlement class who wishes to object to the fairness, reasonableness, or adequacy of the settlement; to the plan of allocation; to any term of the Settlement Agreement; to the proposed case contribution awards; or to the proposed award of attorney's fees and expenses. Any objector must complete, sign and return the Class Notice Option form to the Third Party Administrator in the self addressed stamped envelope that is to be sent out

with the Class Notice. The objectors will be required to state the reason for objecting on the Class Notice Option Form. Also, if any objector wishes to appear at the hearing on final approval, it must be indicated on the required form. The Claim Notice Option Form must be post marked no later than 45 days from the date the Class Notice is mailed out. The Third Party Administrator will receive the objection notices and will notify Class Counsel of all, if any, objectors. Class counsel will notify Defense Counsel and the Court of any objectors 30 days prior to the final hearing.

### III.  OTHER FEES AND EXPENSES

Any application by class counsel for attorneys' fees and reimbursement of expenses; for a case contribution award to the plaintiffs, and all papers in support thereof, shall be filed with the court and served on all counsel of record at least 28 calendar days prior to the fairness hearing.

### IV.  FINALIZATION OF SETTLEMENT

Class counsel shall file with the court a motion for entry of the final approval order and approval of the plan of allocation at least 28 calendar days prior to the fairness hearing.

Pending final determination of whether the settlement should be approved, all members of the settlement class are each BARRED AND ENJOINED from instituting or prosecuting any action that asserts any released claim against Defendants including but not

limited to their agents, officers, directors, employees (past and current), affiliates and related companies.

If the settlement is terminated in accordance with the Agreement of Settlement or does not become final under the terms of the Agreement of Settlement for any other reason, this order and all class findings shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before the court entered this order.

In the event this order becomes of no force or effect, no part of it shall be construed or used as an admission, concession, or declaration by or against the defendants of any fault, wrongdoing, breach, or liability, nor shall the order be construed or used as an admission, concession, or declaration by or against the plaintiffs or the settlement class that their claims lack merit or that the relief requested in the action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have.  The court reserves the right to continue the fairness hearing without further written notice.

DONE, this the 16th day of January, 2013.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE