# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| LUCRETIA HORNSBY, ANMARIE YOUNG, PRESTON YOUNG, , DAWN HAMMOCK, CELINA JORDAN, TABITHA ARLEDGE, ERICA MILLER, OCIE BUTLER, and DARRELL THOMAS, on behalf of themselves and all others similarly situated, | Case No. 3:10-CV-680-MT |
| *Plaintiffs*, | **CLASS ACTION** |
| v. | |
| MACON COUNTY GREYHOUND PARK, INC., MILTON McGREGOR, McGREGOR ENTERPRISES, and VICTORYLAND, | |
| *Defendants*. | |

**PLAINTIFFS' APPLICATION FOR AWARD OF ATTORNEYS' FEES, EXPENSES, AND AWARD OF ENHANCEMENT FOR CLASS REPRESENTATIVES.**

Class Representatives, by and through Class Counsel, file this Motion pursuant to Rule 54(d)(2) FRCP, and Rule 23(h) FRCP asking the Court for an award of Attorney fees, expenses, and award of service enhancement for Class Representatives and in support thereof, aver as follows:

1

1. This case was certified as a class action for the purposes of settlement by an Opinion and Order granting preliminary approval of the proposed settlement entered January 16, 2013. (Doc. #193). The Order preliminarily approved a Settlement Agreement (Doc. # 193-1). Notice to the Class, required and approved by the Order, included appropriate information notifying the Class that the claim for attorneys fees and request for a case contribution (or service) award to the named Plaintiffs as Class Representatives would be considered by the Court at the April 22, 2013 Fairness Hearing. The Order directed that this motion requesting fees be filed at least 30 days prior to the Fairness Hearing.

2. This Class Action was filed against Defendants Macon County Greyhound Park, Inc., Milton McGregor, and McGregor Enterprises on August 11, 2010. The Complaint alleged that the Defendants violated the provisions of Section 502(c) of The Employee Retirement Income Security Act of 1974 (ERISA), by failing to give adequate notice of the availability of health insurance coverage as required by the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA) and failing to comply with the requirements of the American Recovery and Reinvestment Act (ARRA), and by violating fiduciary duties imposed by ERISA.

3. The Complaint requested relief, including the statutory penalty provided by 29 U.S.C. § 1132. The Complaint also requests an award of attorneys' fees

pursuant to 29 U.S.C. § 1132(g).  (See Doc. #002, ¶ 78, and Doc. #61, ¶ 36).

4.  This action was heavily litigated through written discovery, depositions, and numerous briefs on different issues and was ready for trial at the time settlement was reached.  Prior to the filing of this Motion, there have been 193 documents filed in the case.

5.  On June 29, 2012, the Court conducted a pre-trial conference in Chambers.  At the pre-trial conference, the Court stated that a class would be certified, and that there would be liability.  The Court then ordered Mediation which was to be conducted by Judge Susan Walker.  (Doc . #171).

6.  Mediation was scheduled and was begun on July 27, 2012. At that initial mediation session, Defense Counsel requested an extension of six weeks in the mediation, to assure the availability of funding for any offer.

7. The Mediation with Judge Walker resumed on September 18, 2012.  In attendance for Class Counsel were Dale Segrest and Mike Segrest of The Segrest Law Firm, Robert Thompson of Robert Simms Thompson P.C., David Martin of The Martin Law Group, and David Selby of Bailey and Glasser.  Attending for the Defendants were Pat Sefton of Sasser, Sefton, and Tipton P.C., and Fred Gray, Sr. of Gray, Langford, Sapp, McGowan, Gray, and Nathanson.   Attorney Joe Espy was in attendance as the personal representative of Milton McGregor.  After lengthy negotiations, a tentative settlement was reached, pending court approval.

The terms of settlement included a redefinition of the Class for the purposes of settlement.

8. Prior to Mediation, Class Counsel met with all the Class Representatives to discuss settlement, and to get authority from them.  At this settlement meeting, Class Counsel advised the Class Representatives on the strengths and weaknesses of the case, the benefits of settlement versus the risk of going to trial and the potential of a lengthy appeal process if a large Judgment were entered in favor of the Plaintiffs.  The financial instability of the Defendants was discussed along with concerns about the difficulty of collectability of any Judgment.  See Affidavits of Class Representatives attached as Exhibit E to the *Brief in Support of Final Approval of Settlement* being filed simultaneously herewith.

9. Class Counsel informed Class Representatives the amount of Attorney fees based on reasonable hourly rates and expenses incurred as of that date and estimated future fees and expenses.  Class Counsel also advised that given the uncertainty of the Defendants' financial position, it was likely the Defendants would seek to attempt to settle the Class recovery and any motion for Attorney fees at one time. The Class Representatives were fine with this.  They understood the significant time and effort and expense that the attorneys had incurred in this case. See Affidavits of Class Representatives attached as Exhibit E to the *Brief in Support of Final Approval of Settlement* being filed simultaneously herewith.

Class Counsel received written authorization to use their discretion in settling the case for all of the Class but with an understanding from Representatives that they expected all class members to receive at least $1000 as a minimum in any settlement.  See Affidavits of Class Representatives attached as Exhibit E to the *Brief in Support of Final Approval of Settlement* being filed simultaneously herewith.

    10.  Class Counsel could then calculate the minimum settlement fund that would be required for the Class by multiplying the number of putative class members by $1,000.   Class Counsel was then prepared to negotiate for a settlement that would include at least the minimum settlement fund for the Class, as well as expenses and Attorneys' fees.

    11. Prior to Mediation, Class Counsel provided Opposing Counsel and the Mediator with a list of Attorneys' hours and expenses as of the date of mediation.  Everyone was aware that attorneys' fees were allowed by statute and were part of the claim and would necessarily be included in any mediated settlement.

    12. Judge Walker held separate caucuses with the parties to develop offers and counter-offers.  The actual negotiations were not face to face negotiations.  All offer and counter-offers were communicated by Judge Walker.  Only after an agreed dollar amount was reached for settlement did Judge Walker convene the

parties to discuss the details for implementation of the settlement. Counsel for the parties reached this settlement in good faith, negotiating at arm's length.

13. Eventually the parties agreed to settle for a total of $1,300,000.00. The Defendants were to pay $1,000,000.00 immediately and an additional $300,000.00 was to be paid by March 21, 2013. As of the date of filing this Motion, all of said $1,300,000.00 has been placed in escrow into the trust account of Attorney Joe Espy, to be used exclusively in keeping with the terms of settlement as approved by the Court. The Settlement Agreement provided that $350,000.00 constituted a settlement fund to be used exclusively to pay the claims of Class Members and the enhancement award to Class Representatives; and $950,000.00 was established as an administrative fund for paying all costs of administration, expenses, and attorneys' fees.

14. That $1,300,000.00 was sufficient to cover the combined total of Attorney fees calculated at a reasonable hourly rate (the lodestar standard) as of the date of mediation, expenses as of the date of mediation, and the minimum common fund authorized by the Class Representatives, an estimate on the cost of Attorney Fees to complete the administration of the case to completion, and an estimate of future expenses, including a Third Party Administrator to administer the class notice program.

15. All monies to be received in the settlement that exceeded the combined total as described in the preceding paragraph 16 were added to the settlement fund for the benefit of the Class members so that the amount to be received by the individual Class members will exceed the minimum settlement amount that had been authorized by the Class Representatives.

16. The settlement also included the non-monetary benefit to all Class members of receiving class notice advising them of their rights under COBRA and allowing them to opt out of the settlement to pursue their own claim if their special damages exceeded the individual settlement recovery amount included in the settlement.  See Affidavits of Class Representatives attached as Exhibit E to the *Brief in Support of Final Approval of Settlement* being filed simultaneously herewith.

17. Proposed settlement documents were filed timely with the Court as directed by the Court.  The filings included a Joint Motion for Settlement (Doc. #188), proposed Settlement Agreement (Doc. #188-1), a Brief and Memorandum of Law in support of Settlement (Doc. #189), and an Exhibit showing Attorney and paralegal hours fees as of that date (Doc. #189-1).  Contained within the Settlement Agreement (Doc. #188-1) was a Proposed Preliminary Opinion and Order (Exhibit A to Doc. #188-1), proposed Class Notice (Exhibit B to Doc. #188-1), a Settlement

agreement release (Exhibit C to #Doc.188-1), and a Proposed Final Judgment (Exhibit D to Doc. #188-1).

18.  This Court conducted a hearing for preliminary Approval of the proposed settlement *via* telephone conference on October 31, 2012.  The Court indicated it would preliminarily approve the proposed settlement provided certain changes were made to the Class Notice program.  These changes included giving objectors the same amount of time to respond to the notice as was allowed for opt-outs, providing potential objectors a self addressed stamped envelope to return objections, and sending objections to the Third Party administrator the same as all other claim forms. It was Ordered that the documents including the required changes be submitted to the Court by November 6, 2012.

19. The parties agreed to the changes recommended by the Court and filed a Joint Motion to Supplement (Doc. #188) the Joint Motion for Preliminary Approval of Settlement Agreement and Certification of Settlement Class that included those changes on November 6, 2012 as directed. (Doc. #192).

20. On January 16, 2013 the Court entered an Opinion and Order granting preliminary approval of the proposed settlement. (Doc. #193).  For purposes of settlement, the Class was certified pursuant to Rule 23(b)(3) FRCP.  The Order approved the proposed Settlement Agreement, the Notice of Class Action Settlement  (Doc. #193-1), the Class Notice Selection Claim Form (Doc. #193-2),

the Envelope form (Doc. #193-3), and the Release (Doc. #193-4). A Fairness Hearing pursuant to Fed. R. Civ. P. 23(e) was scheduled for April 22, 2013.

21. Based upon the Opinion and Order granting Preliminary Approval of Settlement (Doc#193), Class Notices containing the required claim form (Doc#193-2), a Self addressed, stamped envelope (Doc#193-3), and a Release form (Doc.#193-4) were mailed out on January 22, 2013. The claim form gave Class members the options of (1) accepting the settlement and presenting a claim, (2) opting out in order to seek individual relief, (3) opting out without seeking any relief or (4) presenting an objection to the settlement. See Exhibit F to the *Brief in Support of Final Approval of Settlement* being filed simultaneously herewith..

22. Based upon the Opinion and Order granting Preliminary Approval of Settlement (Doc#193), any objectors wishing to contest the settlement or class members wishing to opt out to pursue their own lawsuit had 45 days to respond to the Class Notice in order to preserve that right, which expired March 8, 2013. As of the date of filing this Motion, no objectors or individuals wishing to file their own lawsuit have been received by the Third Party Administrator. The Third Party Administrator has verified that 85class members have made valid claims, and two have opted out without seeking further relief. Class Counsel are aware of other claims that have been mailed to the Third Party Administrator but have not yet been delivered via U.S. Mail to the TPA.

23. Plaintiffs are entitled to an award of reasonable attorney fees under 29 U.S.C. § 1132(g). The hours expended and work done by Plaintiffs' Counsel to reach the successful resolution of this case are set forth in Exhibits A and B attached to the *Brief in Support of Final Approval of Settlement* which is being filed simultaneously herewith. The hourly rates of Class Counsel are the hourly rates charged by counsel in complex litigation of the type pursued here. The hourly rates are consistent with the rates charged by other attorneys of similar experience and qualifications in this geographical area. The hourly rates charged are within the accepted range of hourly rates approved in the Middle District of Alabama.

24. The amount sought in Attorney fees and expense was fully disclosed to the Class Representatives prior to settlement and all Class Members in the Class Notice (Doc#193-1). The Class Representatives unanimously support this Motion for award of Attorney fees and Reimbursement of Expenses and believe it to be fair and reasonable. See Exhibit E attached to the *Brief in Support of Final Approval of Settlement* filed simultaneously herewith.

25. No class member has objected to the settlement or raised any question as to the amount of Attorneys' fees and expenses. Counsel for the Defendant does not oppose the request for award of Attorney fees.

26. The "lodestar" method of calculating Attorney fees is a fair and accepted method of calculating Attorneys' fees in cases of this nature. Based on hourly rates, the amount paid as Attorneys' fees from the $950,000 administrative fund compensates Class Counsel solely for the time they have worked on this case, in keeping with the lodestar method.

27. Class Counsel are not seeking additional Attorney fees from the settlement fund established for benefit of the Class.28. Through the Class Notice program, individual class members have been properly notified of their rights concerning their health care coverage under COBRA and ARRA. Each Class Member was given the right to pursue his or her own cause of action if the individual amount awarded is not sufficient remedy to any special damages they may have incurred.

29. Class Counsel have incurred expenses to date and will incur future expenses in administering this settlement for which they are entitled to be reimbursed under 29 U.S.C. § 1132(g).

30. As this Court found in its Order and Opinion granting preliminary approval to this settlement, Class Counsel made a thorough investigation of the law and the facts relating to the allegations of the Complaint and the defenses asserted by the Defendants. In conducting that investigation, Class Counsel, reviewed several thousand pages of documents, took numerous depositions, prepared and

responded to multiple motions, and prepared numerous briefs on complex questions of law. Class Counsel and Defendants engaged in arms-length negotiations through two days of mediation under the supervision of a court appointed mediator which resulted in an agreement to settle the claims against Defendants for $1,300,000.00 as set forth in the Settlement Agreement, dated October 23, 2012.

    31. In addition to the amount to be awarded to all class members, Class Counsel requests a class contribution or service award in the amount of $2200.00 to be paid to each Class Representative from the Settlement Fund, for their efforts in prosecuting this action. These efforts include answering written discovery from Defendants in the form of interrogatories, request for production of documents, being deposed individually by Defense Counsel, and attending multiple planning and advisory conferences with Class Counsel at their own expense.  The request for class service enhancement was fully disclosed to all Class Members in the Class Notice. (Doc#193-1)  At the time of filing this Motion, there have been no objections to the request for service enhancement by any of the 250 Class members, which also supports the conclusion that the request is fair and reasonable.

    32. In support of this Application for Award of Attorney Fees, Expenses, and Award of Enhancement for Class Representatives, Class Counsel are

submitting simultaneously herewith their *Brief in Support of Final Approval of Settlement,* attached to which are the following:

(1) A spreadsheet showing Attorney and paralegal hours worked and relevant hourly rates through March 15, 2013 (Exhibit A);

(2) Affidavits and declarations of Class Counsel pertaining to attorneys' fees and staff fees, as well as expenses incurred to date totaling $15,383.08. (Exhibit B);

(3) An estimate of future expenses for administration of the settlement . Those expenses are estimated at $6,659.51(Exhibit C);

(4) Class Counsel's estimation of additional work to be required following approval of the settlement (Exhibit D);

(5) Affidavits of Class Representatives (Exhibit E); and

(6) The Affidavit of Bailey Hughes, the case manager of the Third Party Administrator.

WHEREFORE, premises considered, Plaintiffs request that the Court approve the following, to be paid from settlement proceeds:

1. An award of attorneys fees' totaling $917,957.41 to be paid to Class Counsel;

2. An award for reimbursement of expenses incurred to date in the amount of $15,383.08 to be paid to Class Counsel;

3. An award for future expenses for administering the settlement in the amount of $6,659.51;

4. An award of future Attorney and paralegal fees for administering the settlement in the amount of $10,000.00;

5. An award of enhancement for the nine (9) Class Representatives in the amount of $2,200.00 each, to be paid out of the common fund established for the benefit of the Class, for a total of $19,800.00.

Respectfully submitted March 22, 2013.

>/s/  *Philip Dale Segrest*
> Philip Dale Segrest ASB-6870-E61P
> John Michael Segrest ASB-8306-H58S
> The Segrest Law Firm
> P.O. Box 780791
> Tallassee, AL  36078
> Telephone:  334-252-0036
> Fax:  334-252-0037
> Email:  Dale.Segrest@SegrestLaw.com

Of Counsel

David L. Selby, II (ASB-6994-Y62D)
Law Offices of David L. Selby, II, LLC
One Chase Corporate Center
Suite 400
Birmingham, AL  35244
Telephone:  205-313-6491
dls@davidselbylaw.com

James B. Perrine ASB-9077-E31J
Bailey & Glasser, LLP
201 Monroe Street, Suite 2170
Montgomery, AL  36104
Telephone:  334-262-6485
Fax:  334-262-0657
jbperrine@baileyglasser.com

David P. Martin (ASB-3500-M68D)
The Martin Law Group, LLC
2117 Jack Warner Parkway
Suite 1, Building B
Tuscaloosa, AL  35401
Telephone:  205-343-1771
david@erisacase.com

Robert S. Thompson (THO039)
Robert Simms Thompson, P.C.
308 North Elm Street
Tuskegee, AL  36083
Telephone:  334-727-6463
Fax:  334-727-5746
Email:  rstpc@aol.com


## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2013, I served a copy of the foregoing was filed electronically using the CM/ECF system, which will automatically send notification of such filing to the following:

| | |
|---|---|
| Patrick L. W. Sefton, Esq. | |
| Robert E. Sasser, Esq. | |
| R. Brian Tipton, Esq. | Fred D. Gray, Sr., Esq. |
| Timothy Justin Gallagher, Esq. | Stanley Gray, Esq. |
| Sasser, Sefton, Tipton & Davis, P.C. | Gray, Langford, Sapp, McGowan, |
| P.O. Box 242127 | Gray & Nathanson |
| Montgomery, AL  36124-2127 | P.O. Box 830239 |
| Email:  psefton@sasserlawfirm.com | Tuskegee, AL 36083 |
| rsasser@sasserlawfirm.com | Email:  fgray@glsmgn.com |
| btipton@sasserlawfirm.com | fgrayjr@glsmgn.com |
| tgallagher@sasserlawfirm.com | |

*/s/ Dale Segrest*