IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| LUCRETIA HORNSBY, ANMARIE YOUNG, PRESTON YOUNG, DAWN HAMMOCK, CELINA JORDAN, TABITHA ARLEDGE, ERICA MILLER, OCIE BUTLER, and DARRELL THOMAS, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 3:10cv680-MHT (WO) |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| MACON COUNTY GREYHOUND PARK, INC., MILTON McGREGOR, McGREGOR ENTERPRISES, and VICTORYLAND, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER AND FINAL JUDGMENT

This action came before the Court for a final fairness hearing held on April 22, 2013, on a proposed settlement (the "Settlement") of this class action (the "Action") preliminarily certified for settlement purposes only, and the issues having been duly heard and a decision having been duly rendered,

IT IS THEREFORE ORDERED AND ADJUDGED that the

Motions for  Entry of Final Approval Order and Approval
of Plan of Allocation (Doc. Nos. 195 & 205)  and the
Plaintiffs' Application for Award of Attorneys' Fees,
Expenses, and Award of Enhancement for Class
Representatives (Doc. No. 194) are granted as follows:

To the extent not otherwise defined herein, all
terms shall have the same meaning as used in the
Agreement of Settlement (Doc. No. 188-1) executed on
October 23, 2012 ("the Agreement").

The Court has jurisdiction over the subject matter
of this action and over all parties to this action,
including all members of the Settlement Class.

The Court hereby approves and confirms the
Settlement embodied in the Agreement as being a fair,
reasonable, and adequate settlement and compromise of
this action, adopts the Agreement as its judgment and
orders that the Settlement shall be effective, binding,
and enforced according to its terms and conditions.

The Court determines that the Plaintiffs have
asserted claims on behalf themselves and all members of

2

the Settlement Class to recover damages, including but not limited to the statutory damages provided by the Employee Retirement Income Security Act of 1974 as amended, 29 U.S.C. §§ 1001-1461 ("ERISA") for alleged failure to give appropriate notices concerning Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") that complied with the American Recovery and Reinvestment Act of 2009 ("ARRA"). Defendants have generally denied Plaintiffs' allegations.

The Court determines that the Settlement, which will include the total payment of One Million Three Hundred Thousand ($1,300,000.00) Dollars by the Defendants, $350,000 of which is for statutory damages, to be paid to the Class Representatives and Class Members, has been negotiated vigorously and at arms' length by Class Counsel and Defense Counsel and further finds that at all times, Plaintiffs have acted independently and that their interests are identical to the interests of the Settlement Class. The Court finds that the Plaintiffs and Defendants have vigorously

3

litigated numerous issues.  The Court finds that the
concerns of Class Counsel that the Defendants may be
unable to pay any larger recovery in the future is
reasonable, given the present circumstances of the
Defendants.  Furthermore, Plaintiffs appropriately
recognize that there is no guarantee of success in the
litigation and that a settlement is preferable to
further protracted litigation including possible
appeals.  The Court further finds that the Settlement
arises from a genuine controversy between the Parties
and is not the result of collusion, nor was the
Settlement procured by fraud or misrepresentation.

The Court determines that the Class Notice
transmitted to the Settlement Class pursuant to the
Preliminary Approval Order concerning the Settlement
and other matters set forth therein is the best notice
practicable under the circumstances and included
individual notice to all members of the Settlement
Class who could be identified through reasonable
efforts.  Such Class Notice provides valid, due, and

4

sufficient notice of these proceedings and of the matters set forth therein, including the Settlement to all persons entitled to such Class Notice; and such Class Notice fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.

The Court hereby approves the maintenance of the action as an opt-out class action pursuant to the Federal Rules of Civil Procedure 23(b)(3) with the Class being defined as:

> All former employees of Macon County Greyhound Park (d/b/a Victoryland and McGregor Enterprises) ("MCGP") who participated in a group health insurance plan with BlueCross BlueShield of Alabama that was provided by MCGP in this action for employees of MCGP, including employees who signed an arbitration agreement as a condition to employment, and who were laid off from employment at MCGP in January and February of 2010 and who were not subsequently re-hired by MCGP.

Pursuant to Federal Rules of Civil Procedure 23(g), the Court hereby confirms its prior appointment of Class Counsel as follows:  The Segrest Law Firm, Robert Simms Thompson, P.C.; Bailey & Glasser, LLC; and The

Martin Law Group, LLC.

Based on the Settlement, the Court hereby dismisses the Complaint and the action against the Defendants, with prejudice, on the merits.

As of the date of complete settlement approval and payment of the settlement amount, Plaintiffs and each member of the Settlement Class who has not opted out in accordance with the Settlement Agreement and Class Notice, on their own behalf, shall be deemed to have released each and all of the Defendants from the released claims.

As of the date of complete settlement approval and payment of the settlement amounts, Defendants, including all persons, firms, and corporations who might otherwise be entitled to claims through them, shall be deemed to have released the Plaintiff Released Parties from any claims that may have arisen out of this action. As of the date of Complete Settlement Approval, and payment of the settlement amounts, Plaintiffs and Settlement Class Members shall be deemed

6

to have released the Defendants from any claims that may have arisen out of this action.

As of the date of Complete Settlement Approval, and payment of the settlement amount, all release provisions shall be given full force and effect in accordance with each and all of their express terms and provisions, including those terms and provisions relating to unknown, unsuspected, or future claims, demands, or causes of action. Further, Defendants and Plaintiffs, for themselves, and on behalf of the Settlement Class, assume the risk of any subsequent discovery of any matter, fact, or law, that, if now known or understood, would in any respect have affected or could have affected any such Person's entering into the Agreement.

The Court further determines that Defendants have fully complied with the notice requirements of the Class Action Fairness Act of 2005, to the extent possible.

Plaintiffs and all members of the Settlement Class,

7

including those who have opted out without reservation of rights, pursuant to the Settlement Agreement and Class Notice, are hereby barred and enjoined from the institution and prosecution, either directly or indirectly, of any other actions in any court asserting any and all Released Claims against any and all Released Parties as described in the Release.

The litigation expenses incurred by Class Counsel in the course of prosecuting this action are reasonable. Accordingly, Class Counsel are awarded expenses in the amount of $15,383.08, to be paid from the Administration Fund.

The attorneys fees sought by Class Counsel in the amount of $917,957.41 are reasonable in light of the successful results achieved by Class Counsel, the monetary benefits obtained in this Action, the substantial risk associated with the Action, Class Counsel's skill and experience in class action litigation of this type, and the fee awards in comparable cases. Accordingly, Class Counsel are

awarded attorneys' fees in the amount of $917,957.41, to be paid from the Administrative Fund.

The named Plaintiffs are hereby awarded enhancement awards in the amount of $2,200.00 each and shall be paid from the Settlement Fund of $350,000.00. To the extent any funds remain in the Settlement Fund after all distributions are complete, Plaintiffs' counsel are directed to distribute any excess funds equally to (1) the Tuskegee Human & Civil Rights Multicultural Center and (2) the Macon County Board of Education.

Without affecting the finality of this Judgment, the Court retains jurisdiction for purposes of implementing the Agreement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Agreement and Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

9

This case is closed.

DONE, this 23d day of April, 2013.

                            ____/s/ Myron H. Thompson_____
                            UNITED STATES DISTRICT JUDGE